

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL G. SAAVEDRA**
*Assistant Corporation Counsel*
Phone: (212) 356-0892
Fax: (212) 356-3509
dsaavedr@law.nyc.gov

May 26, 2015

**BY E.C.F.**
Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *Alli Umar v. Security Officer Pedlar, et al.,* 14 Civ. 10257 (RA)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above referenced matter on behalf of defendants City of New York, Dora Schriro, and Correction Officers Fluker, and Wong (hereinafter "defendants"). Defendants write to respectfully request that: (1) the Court relieve this office of its obligation to respond to the April 24, 2015 *Valentin* order as moot; and (2) defendants' time to answer, or otherwise respond to the complaint, be extended from May 26, 2015 until July 20, 2015, in hopes that one answer may be filed in this case. As plaintiff is incarcerated and proceeding *pro se*, this application is made directly to the Court.

      By way of background, plaintiff's complaint alleges, *inter alia*, that he was assaulted by several New York City Department of Correction ("DOC") officers on January 11, 2012. Plaintiff further alleges correction officers assaulted him during a cell extraction sometime in February of 2012. Plaintiff also alleges that he was denied due process and adequate medical care following the alleged incidents in January and February of 2012.

      On March 26, 2015, DOC waived service for former DOC official "Dora Schriro," as well as "Correction Officers Pedlar, Bravo, Fluker, and Wong." *See* Waiver of Service, dated March 26, 2015, Docket Entry No. 9. Accordingly, defendants Schriro, Pedlar, Bravo, Fluker, and Wong must answer or otherwise respond to the complaint by May 26, 2015. On March 30, 2015, the Court granted defendant City's motion for an extension of time to answer the complaint, until May 26, 2015. On April 24, 2015, the Court ordered this office to identify, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), "the full identities of Security Officer Almazar…and Correction Officer Spears and Rohr." *See* Docket Entry No. 18. On May 21, 2015, DOC waived service for "Correction Officer Rhor, Correction Officer Spears,

and Security Officer Almazar. " *See* Docket Entry No. 21.  Accordingly, defendants Rhor, Spears, and Almazar must answer or otherwise respond to the complaint by July 20, 2015.

First, because DOC has waived service for Officers Rhor, Spears, and Almazar, this office respectfully requests that it be relieved of its obligation to identify the full identities of these officers pursuant to the *Valentin* order issued on April 24, 2015.  *See* Docket Entry No. 18.

Moreover, defendants respectfully request that their time to answer, or otherwise respond to the complaint, be extended from May 26, 2015 until July 20, 2015. There are several reasons for seeking an enlargement of time in this matter.  First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this office needs time to investigate the allegations in the complaint.  Additionally, plaintiff alleges that he sustained physical and/or emotional injuries as a result of the alleged incident.  Due to the HIPAA privacy rule, properly completed and fully executed medical releases are necessary for this office to obtain any records associated with any treatment plaintiff may have received in connection with the incident.  Accordingly, on March 25, 2015 this office forwarded to plaintiff *pro se* HIPAA compliant medical releases.  However, this office did not receive an executed release from plaintiff until April 20, 2015.  As the Court may be aware, these medical records are necessary for this office to properly assess the case and respond to the complaint.  Therefore, an extension of time would allow this office to obtain the relevant medical files from the institutions plaintiff has identified.

Finally, an extension of time will allow this office to conduct the legally mandated inquiry into whether Correction Officers Almazar, Spears and Rohr are eligible for representation by the Office of the Corporation Counsel.  *See* General Municipal Law § 50-k; *Mercurio v. The City of New York, et al., 758 F.2d 862, 864*-65 (2d Cir. 1985)*; Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  If these individuals are eligible for representation, they must still decide whether they wish to be represented by the Corporation Counsel.  *See Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984).  Only then can this office interview these individuals for the purpose of responding to the complaint.  As the process of investigating an officer's eligibility for representation takes some time to complete, this extension request should allow time for this office to investigate the representation issue and make the required G.M.L. § 50-k decision regarding all the named defendants.  Moreover, an extension of time will allow this office to file one answer in this case, once the required G.M.L. § 50-k investigations are complete.

According to a review of the docket sheet, defendants "Security Officer Buntton; Security Captain Beharri; and former DOC officials Rose Agro, Kathleen Mulvey, Florence Finkle, and Lewis Finkelman," have not been served and therefore, are not yet parties to this action.  In the interim, given the time involved in determining the representation of a correction officer, this office respectfully requests that the Court, *sua sponte*, extend the time for any named defendant, who may be served with process in the future, to respond to the complaint.

Accordingly, defendants respectfully request that: (1) this office be relieved of its obligation to identify Officers Rhor, Spears, and Almazar; and (2) defendants' time to respond to the complaint be extended for until July 20, 2015.  This is defendants' second request for an

extension of time to answer or otherwise respond to the complaint, and this application does not affect any other deadline in this case.

        Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/
Daniel G. Saavedra
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Umar Alli, Plaintiff *Pro Se* (By First Class Mail)
DIN#: 12A1086
Clinton Correctional Facility
PO Box 2000
Dannemora, NY 12929