UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

UMAR ALLI,

                                        Plaintiff,

                  -against-

SECURITY OFFICER PEDLAR, SECURITY OFFICER
BRAVO, SECURITY OFFICER ALMAZAR, SECURITY
OFFICER BUNTON, SECURITY OFFICER JOHN DOE,
SECURITY  CAPTAIN BEHARRI, CORRECTION
OFFICER SPEARS, CORRECTION OFFICER RHOR,
CORRECTION OFFICER SPEARS, CORRECTION
OFFICER FLUKER, CORRECTION OFFICER WONG,
CITY OF NEW YORK, ROSE ARGO AND KATHLEEN
MULVEY, HILDY J. SIMMONS, DORA SCHRIRO,
FLORENCE FINKLE, LEWIS FINKELMAN, MICHAEL
J. REGAN, CATHY PORTER, RICHARD T. WOLF,
KENNITH T. ARMSTEAD, JOHN DOE CHIEF OF
DEPARTMENT, JOHN DOE DEPUTY CHIEF OF
DEPARTMENT, JOHN DOE SUPERVISING WARDEN,
JOHN DOE CAPTAIN OF PROBE TEAM, JOHN DOES
PROBE TEAM OFFICERS, INVESTIGATION
DIVISION INSPECTOR GENERAL, JOHN DOE
OFFICERS WHOM WORKED VISITING ROOM/AREA,
"JOHN DOE 1 THROUGH UNKOWN 'ALL OFFICERS
WHOM WERE PARTICIPANTS OR WITNESSES OF
THE JANUARY 2012 USE OF FORCE'", JOHN DOES 1
THROUGH 2 ADJUDICATION CAPTAINS, JOHN
DOES INVESTIGATING CAPTAINS OF BOTH THE
USES OF FORCE IN JANUARAY AND FEBRUARY
2014, JOHN DOE DEPUTY WARDEN OF SECURITY,
JOHN DOES PHYSICIAN P/A WHOM ENDORSED
DOC OFFICIALS REQUEST FOR TREATMENT IN
CONNECTION TO THE JANUARY 11, 2012
INCIDENT, CORRECTIONAL HEALTH
SERVICES/PRISON HEALTH SERVICES JOHN DOES
1 THROUGH 6 BOC'S FIELD REPRESENTATIVES,
                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANTS CITY OF
NEW YORK,  PEDLAR,
BRAVO, RHOR, FLUKER,
WONG, SCHRIRO, ARGO,
MULVEY, FINKLEMEN,
REGAN, ARMSTEAD,
POTLER, FINKLE, AND
WOLF**

14 Civ. 10257 (RA) (JLC)

JURY TRIAL DEMANDED

Defendants City of New York, Correction Officers Bravo, Rhor, Fluker, and Wong, Dora Schiro, Rose Argo, Kathleen Mulvey, Florence Finkle, Lewis Finkelman, Michael Regan, Cathy Potler, Richard Wolf and Kenneth Armstead ("hereinafter "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows[1]:

1.  Deny the allegations set forth in paragraph "1" of the Complaint to the extent it sets forth averments of facts, except admit that plaintiff purports to proceed as stated therein.

2.  Deny the allegations set forth in paragraph "2" of the Complaint.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admit that in January 2012 plaintiff was a pre-trial detainee.

4.  Deny the allegations set forth in paragraph "4" of the Complaint.

5.  Deny the allegations set forth in paragraph "5" of the Complaint.

6.  Deny the allegations set forth in paragraph "6" of the Complaint.

7.  Deny the allegations set forth in paragraph "7" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations whether plaintiff was placed in segregation.

8.  Deny the allegations set forth in paragraph "8" of the Complaint.

9.  Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

---

[1] According to the Docket Sheet, defendants Bunton and Behari have not been served with process. *See* Waiver of service Returned Unexecuted, at Docket Entry No. 26. Upon information and belief, and according to the Docket Sheet, defendant Spears has not been served with process.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff purports to assert the jurisdiction of this Court as stated therein.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

13. The second Paragraph "12" of the Complaint is a demand for a jury trial, not an averment of fact, and accordingly no response is required.

14. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that in January 2012 plaintiff was a pre-trial detainee.

15. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that defendants Behari, Pedlar, and Bravo were employed by the Department of Correction ("DOC") on January 10, 2012 and February 23, 2012 and that plaintiff purports to proceed as stated therein; deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the John Doe officers and regarding whether defendants Behari, Pedlar, Bravo, Almanzar and Spears worked in the Visiting Area on January 11, 2014; respectfully refer the Court to the DOC directives and the BOC documents referenced therein for their full and accurate content; and state that the allegation "with the scope of their DOC employment and under color of state law" sets forth a conclusion of law, rather than an averment of fact, to which no response is required.

16. Deny the allegations set forth in the second paragraph "14" of the Complaint, to the extent it sets forth allegations of fact, except admit that defendant Behari was employed by DOC as a Captain on January 10, 2012 and February 23, 2012 and that plaintiff purports to

proceed as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the John Doe defendants; insofar as it sets forth conclusions of law, no response is required.

17. Deny the allegations set forth in paragraph "15" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, and respectfully refer the Court to the DOC directive referenced therein for its full and accurate content.

18. Deny the allegations set forth in paragraph "16" of the Complaint to the extent it sets forth allegations of fact, except admit that defendants Mulvey and Argo were employed by the DOC on January 10, 2012 and February 23, 2012 as Wardens and that plaintiff purports to proceed as stated therein, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the John Doe defendants, and respectfully refer the Court to the DOC directives referenced therein for their full and accurate content; insofar as it sets forth conclusions of law, no response is required.

19. Deny the allegations set forth in paragraph "17" of the Complaint to the extent it sets forth allegations of fact, except admit that defendants Schriro and Finkleman were employed by the DOC on January 10, 2012 and February 23, 2012 as Commissioner and First Deputy Commissioner, respectively, and that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

20. Deny the allegations set forth in paragraph "18" of the Complaint to the extent it sets forth allegations of fact, except admit that defendant Finkle was employed by the DOC on January 10, 2012 and February 23, 2012 as Deputy Commissioner and that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint to the extent it sets forth allegations of fact, except admit that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint to the extent it sets forth allegations of fact, except admit that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

23. Deny the allegations set forth in paragraph "21" of the Complaint to the extent it sets forth allegations of fact, except admit that defendants Regan and Simmons were members of the New York City Board of Correction on January 10, 2012 and February 23, 2012 and that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

24. Deny the allegations set forth in paragraph "22" of the Complaint to the extent it sets forth allegations of fact, except admit that defendants Potler and Wolf were employed by the New York City Board of Correction on January 10, 2012 and February 23, 2012 and that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint to the extent it sets forth allegations of fact, except admit that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

26. Deny the allegation set forth in paragraph "24" of the Complaint, except admit that defendant City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and DOC and of the DOC's functions.

27. Deny the allegations set forth in paragraph "25" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint to the extent it sets forth allegations of fact, except admit that plaintiff purports to proceed as stated therein; insofar as it sets forth conclusions of law, no response is required.

29. Deny the allegations set for the in paragraph "27" of the Complaint, except admit that Correctional Health Services is a subdivision of the Department of Health and Mental Hygiene ("DOHMH") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and DOHMH.

30. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

31. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

32. Deny the allegations set forth in paragraph "30" of the Complaint.

33. Deny the allegations set forth in paragraph "31" of the Complaint, and respectfully refer the Court to the official records of the legal proceedings referenced therein for a full and accurate account of those proceedings.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

35. Deny the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to the directives referenced therein for their full and accurate content.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except deny that there was a "malicious assault" on plaintiff.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

45. Deny the allegations set forth in paragraph "43" of the Complaint.

46. Deny the allegations set forth in paragraph "44" of the Complaint.

47. Deny the allegations set forth in paragraph "45" of the Complaint.

48. Deny the allegations set forth in paragraph "46" of the Complaint.

49. Deny the allegations set forth in paragraph "47" of the Complaint.

50. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that plaintiff was referred to Elmhurst Hospital.

51. Deny the allegations set forth in paragraph "49" of the Complaint.

52. Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the documents referenced therein for a full and accurate account of their content.

53. Deny the allegations set forth in paragraph "51" of the Complaint.

54. Deny the allegations set forth in paragraph "77" of the Complaint.[2]

55. Deny the allegations set forth in paragraph "78" of the Complaint.

56. Deny the allegations set forth in paragraph "79" of the Complaint.

57. Deny the allegations set forth in paragraph "80" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whom plaintiff purportedly wrote.

58. Deny the allegations set forth in paragraph "81" of the Complaint.

59. Deny the allegations set forth in paragraph "82" of the Complaint.

60. Deny the allegations set forth in paragraph "83" of the Complaint.

61. Deny the allegations set forth in paragraph "84" of the Complaint.

---

[2] Plaintiff's Complaint does not contain Paragraphs 52 through 76.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

63. Deny the allegations set forth in paragraph "86" of the Complaint.

64. Deny the allegations set forth in paragraph "87" of the Complaint.

65. Deny the allegations set forth in paragraph "88" of the Complaint.

66. Deny the allegations set forth in paragraph "89" of the Complaint.

67. Deny the allegations set forth in paragraph "90" of the Complaint.

68. Deny the allegations set forth in paragraph "91" of the Complaint.

69. Deny the allegations set forth in paragraph "92" of the Complaint.

70. Deny the allegations set forth in paragraph "93" of the Complaint.

71. Deny the allegations set forth in paragraph "94" of the Complaint.

72. Deny the allegations set forth in paragraph "95" of the Complaint, except admit that plaintiff refused to comply with the search on February 23, 2012.

73. Deny the allegations set forth in paragraph "96" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

75. Deny the allegations set forth in paragraph "98" of the Complaint, except admit that plaintiff was extracted from his cell for refusing to comply with search procedures on February 23, 2012.

76. Deny the allegations set forth in paragraph "99" of the Complaint.

77. Deny the allegations set forth in paragraph "100" of the Complaint, except admit that plaintiff received an infraction as a result of the February 23, 2012 incident.

78. Deny the allegations set forth in paragraph "101" of the Complaint.

79. Deny the allegations set forth in paragraph "102" of the Complaint.

80. Deny the allegations set forth in paragraph "103" of the Complain, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the result of plaintiff's infraction hearing.

81. Deny the allegations set forth in paragraph "104" of the Complaint.

82. Deny the allegations set forth in paragraph "105" of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

89. Deny the allegations set forth in paragraph "112" of the Complaint.

90. Deny the allegations set forth in paragraph "113" of the Complaint, and respectfully refer the Court to Directive 5006-R governing Use of Force referenced therein for its full and accurate content.

91. Deny the allegations set forth in paragraph "114" of the Complaint, and respectfully refer the Court to the directive referenced therein for its full and accurate content.

92. Deny the allegations set forth in paragraph "115" of the Complaint and respectfully refer the Court to the New York City Board of Correction Health Care Minimum Standards for a full and accurate account of its content.

93. Deny the allegations set forth in paragraph "116" of the Complaint and respectfully refer the Court to the New York City Board of Correction Health Care Minimum Standards for a full and accurate account of its content.

94. Deny the allegations set forth in paragraph "117" of the Complaint and respectfully refer the Court to the New York City Board of Correction Health Care Minimum Standards for a full and accurate account of its content.

95. Deny the allegations set forth in paragraph "118" of the Complaint and respectfully refer the Court to the New York City Board of Correction Health Care Minimum Standards for a full and accurate account of its content.

96. Deny the allegations set forth in paragraph "119" of the Complaint, and respectfully refer the Court to the directive referenced therein for its full and accurate content.

97. Deny the allegations set forth in paragraph "120" of the Complaint, and respectfully refer the Court to the directive referenced therein for its full and accurate content.

98. Deny the allegations set forth in paragraph "121" of the Complaint, and respectfully refer the Court to the directive referenced therein for its full and accurate content.

99. Deny the allegations set forth in paragraph "122" of the Complaint, and respectfully refer the Court to the directive referenced therein for its full and accurate content.

100.     Deny the allegations set forth in paragraph "123" of the Complaint to the extent it sets forth allegations of fact, and respectfully refer the Court to the directive referenced therein for its full and accurate content; insofar as it sets forth conclusions of law, no response is required.

101.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

102.     Deny the allegations set forth in paragraph "125" of the Complaint.

103.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

104.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint.

105.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint.

106.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint.

107.     Deny the allegations set forth in paragraph "130" of the Complaint.

108.     In response to paragraph "131" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

109.     Deny the allegations set forth in paragraph "132" of the Complaint.

110.     Paragraph "133" of the Complaint sets forth conclusions of law, rather than averments of fact, and, accordingly no response is required.

111.     Deny the allegations set forth in paragraph "134" of the Complaint.

112. Deny the allegations set forth in paragraph "135" of the Complaint.

113. Deny the allegations set forth in paragraph "136" of the Complaint.

114. In response to paragraph "137" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

115. Deny the allegations set forth in paragraph "138" of the Complaint.

116. Deny the allegations set forth in paragraph "139" of the Complaint.

117. Deny the allegations set forth in paragraph "140" of the Complaint.

118. Deny the allegations set forth in paragraph "141" of the Complaint.

119. Deny the allegations set forth in paragraph "142" of the Complaint.

120. In response to paragraph "143" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

121. Paragraph "144" of the Complaint sets forth conclusions of law, rather than averments of fact, and, accordingly no response is required.

122. Paragraph "145" of the Complaint sets forth conclusions of law, rather than averments of fact, and, accordingly no response is required.

123. Paragraph "146" of the Complaint sets forth conclusions of law, rather than averments of fact, and, accordingly no response is required.

124. Deny the allegations set forth in paragraph "147" of the Complaint, and all of its subparts.

125. Deny the allegations set forth in paragraph "148" of the Complaint, and all of its subparts.

126. Deny the allegations set forth in paragraph "149" of the Complaint.

127. Deny the allegations set forth in paragraph "150" of the Complaint.

128. In response to paragraph "151" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

129. Deny the allegations set forth in paragraph "152" of the Complaint.

130. Deny the allegations set forth in paragraph "153" of the Complaint.

131. Deny the allegations set forth in paragraph "154" of the Complaint.

132. Deny the allegations set forth in paragraph "155" of the Complaint.

133. Deny the allegations set forth in paragraph "156" of the Complaint.

134. In response to paragraph "157" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

135. Deny the allegations set forth in paragraph "158" of the Complaint, and all of its subparts.

136. Deny the allegations set forth in paragraph "159" of the Complaint.

137. Deny the allegations set forth in paragraph "160" of the Complaint.

138. Deny the allegations set forth in paragraph "161" of the Complaint.

139. Deny the allegations set forth in paragraph "162" of the Complaint.

140. Deny the allegations set forth in paragraph "163" of the Complaint, and all of its subparts.

141. Deny the allegations set forth in paragraph "164" of the Complaint.

142. Deny the allegations set forth in paragraph "165" of the Complaint.

143. In response to paragraph "166" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein, and deny the allegations set forth in subparts (i)-(vii).

144. Deny the allegations set forth in paragraph "167" of the Complaint to the extent it sets forth allegations of fact; insofar as it sets forth conclusions of law, no response is required.

145. Deny the allegations set forth in paragraph "168" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

146. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

147. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

148. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

149. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents, and officials acted reasonably in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

150.    Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

151.    Some of plaintiff's claims may be barred by his failure to exhaust administrative remedies.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

152.    Some of plaintiff's claims may be barred by the Prison Litigation Reform Act.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

153.    Plaintiff provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

154.    Any force, if used, was appropriate and justified under the circumstances.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

155.    To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of New York General Municipal Law §§ 50-e, 50-h and/or 50-i.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             July 20, 2015

ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
*Attorney for Defendants City of New York, Pedlar, Bravo, Rhor, Fluker, Wong, Schriro, Argo, Mulvey, Finklemen, Regan, Armstead, Potler, Finkle, and Wolf*
100 Church Street, Room 3-156
New York, New York 10007
(212) 356-0892

By:      _____/s/_____
        Daniel G. Saavedra
        Assistant Corporation Counsel
        Special Federal Litigation

cc:     Umar Alli, Plaintiff *Pro Se* (By First Class Mail)
       DIN#: 12A1086
       Clinton Correctional Facility
       PO Box 2000
       Dannemora, NY 12929

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI,

Plaintiff,

-against-

SECURITY OFFICER PEDLAR, ET AL.,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK, PEDLAR, BRAVO, RHOR, FLUKER, WONG, SCHRIRO, ARGO, MULVEY, FINKLEMEN, REGAN, ARMSTEAD, POTLER, FINKLE, AND WOLF**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Daniel G. Saavedra*
*Tel: (212) 356-0892*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................................,2015*

*.................................................................................... Esq.*

*Attorney for .......................................................................*