

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

DANIEL G. SAAVEDRA
*Assistant Corporation Counsel*
Phone: (212) 356-0892
Fax: (212) 356-3509
dsaavedr@law.nyc.gov

July 31, 2015

**BY E.C.F.**
Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *Alli Umar v. Security Officer Pedlar, et al.,* 14 Civ. 10257 (RA) (JLM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above referenced matter on behalf of defendants City of New York, Dora Schriro, Rose Argo, Kenneth T. Armstead, Lewis Finkelman, Florence Finkle, Kathleen Mulvey, Cathy Potler, Michael Regan, Richard T. Wolf and Correction Officers Fluker, Bravo, Rhor, Pedlar, and Wong (hereinafter "defendants"). Defendants respectfully write in response to: (1) plaintiff's July 21, 2015 motion for sanctions, *See* Docket Entry No. 39; and (2) the Court's July 27, 2015 Order, *See* Docket Entry No. 42. For the reasons set forth herein, defendants respectfully request that: (1) plaintiff's motion for sanctions be denied as moot; and (2) the Court, *sua sponte*, grant a sixty (60) day extension of time, from July 31, 2015 until September 30, 2015, for Correction Officers Spears and Almazar to file an answer in this matter and grant a corresponding enlargement of time for defendant Pedlar to respond to the complaint. As plaintiff is incarcerated and proceeding *pro se*, this application is made directly to the Court.

      By way of background, plaintiff's complaint alleges, *inter alia*, that he was assaulted by several New York City Department of Correction ("DOC") officers on January 11, 2012. Plaintiff further alleges correction officers assaulted him during a cell extraction sometime in February of 2012. Plaintiff also alleges that he was denied due process and adequate medical care following the alleged incidents in January and February of 2012.

      On June 11, 2015, the Court ordered, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) ("*Valentin* Order"), the New York City Law Department to "attempt to locate addresses where [defendants] Bunton, Behari, and Finkle may be served" within thirty days. *See* Docket Entry No. 29. On June 30, 2015, the Court also ordered this Office to respond to Judge Abrams' March 6, 2015 Order of Service within 14 days. *See* Docket Entry No. 35. Judge

Abrams' March 6, 2015 Order of Service required the Office of the Corporation Counsel to provide the identities of "at least some of [the fourteen John Doe defendants]…to the extent [this information was] available." *See* Docket Entry No. 35, at p. 3. On July 27, 2015, the Court ordered defendants to respond to a letter, dated July 16, 2015, filed by plaintiff *pro se* seeking sanctions against defendants for failure to comply with the aforementioned *Valentin* Orders. *See* Docket Entry No. 42. The Court also ordered defendants to file an answer to the complaint on behalf of Correction Officers Spears, Almazar and Pedlar by July 31, 2015. *See* Docket Entry No. 42.

With regard to plaintiff's motion for sanctions, defendants respectfully request that the Court deny plaintiff's motion as moot. On July 13, 2015, this Office filed a letter responding to the Court's June 11, 2015 *Valentin* Order. *See* Docket Entry No. 13. In this July 13, 2015 letter, this Office identified the addresses where defendants Bunton, Behari, and Finkle may be served pursuant to the Court's June 11, 2015 *Valentin* Order. The following day, on July 14, 2015, this Office filed a separate letter responding to the Court's June 30, 2015 *Valentin* Order. *See* Docket Entry No. 37. In this letter, this Office identified some of the John Doe defendants mentioned in plaintiff's complaint. Despite these efforts, plaintiff claims in his July 21, 2015 letter that defendants have "maliciously and intentionally fail[ed] to follow the Courts' orders." *See* Docket Entry No. 39. Given that defendants have timely responded to the Court's two *Valentin* Orders, defendants respectfully request that plaintiff's motion for sanctions be denied as moot.

Furthermore, defendants respectfully request that the Court grant, *sua sponte*, a sixty (60) day extension of time to file an answer on behalf of defendants Almazar, Spears, and Pedlar. The undersigned apologizes for the tardiness of this application.[1] Defendants Almazar and Spears are no longer employed by the Department of Correction and this Office has been unable to conduct the legally mandated inquiry into whether defendants Almazar and Spears are eligible for representation by the Office of the Corporation Counsel. *See* General Municipal Law § 50-k. The enlargement of time will enable defendants to contact defendants Almazar and Spears at their last known addresses in an effort to determine, based on a review of the facts of the case, whether we may represent them. In the interest of judicial economy, defendants also respectfully request that the Court grant defendant Pedlar a corresponding enlargement of time in order to file one answer to the complaint on behalf of all three aforementioned individually-named defendants.

---

[1] The undersigned was participating in a CLE trial training seminar from July 23, 2015 until July 30, 2015.

Accordingly, for the reasons set forth herein, defendants respectfully request that: (1) the Court deny as moot plaintiff's motion for sanctions, dated July 16, 2015; and (2) the Court grant, *sua sponte*, a sixty (60) day extension of time, until September 30, 2015, for defendants Almazar and Spears to file an answer and grant a corresponding enlargement of time for defendant Pedlar to respond to the complaint.

    Respectfully submitted,

    /s/

    Daniel G. Saavedra
    Assistant Corporation Counsel
    Special Federal Litigation Division

cc:    Umar Alli, Plaintiff *Pro Se* (By First Class Mail)
       DIN#: 12A1086
       Clinton Correctional Facility, PO Box 2000
       Dannemora, NY 12929