
| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DANIEL G. SAAVEDRA**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-0892<br>Fax: (212) 356-3509<br>dsaavedr@law.nyc.gov |

August 31, 2015

**BY E.C.F.**
Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Alli Umar v. Security Officer Pedlar, et al.,* 14 Civ. 10257 (RA) (JLM)

Your Honor:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above referenced matter on behalf of defendants City of New York, Dora Schriro, Rose Argo, Kenneth T. Armstead, Lewis Finkelman, Florence Finkle, Kathleen Mulvey, Cathy Potler, Michael Regan, Richard T. Wolf and Correction Officers Fluker, Bravo, Rhor, Pedlar, and Wong (hereinafter "defendants"). Defendants respectfully write in response to plaintiff's August 24, 2015 Motion to Compel. *See* Docket Entry No. 52. For the reasons set forth herein, defendants respectfully request that plaintiff's motion to compel be denied as moot.

   By way of background, plaintiff's complaint alleges, *inter alia*, that he was assaulted by several New York City Department of Correction ("DOC") officers on January 11, 2012. Plaintiff further alleges that correction officers assaulted him during a cell extraction sometime in February of 2012. Plaintiff also alleges that he was denied due process and adequate medical care following the alleged incidents in January and February of 2012. On June 30, 2015, the Court ordered this Office to respond to Judge Abrams' March 6, 2015 Order of Service within 14 days. *See* Docket Entry No. 35. Judge Abrams' March 6, 2015 Order of Service required the Office of the Corporation Counsel to provide the identities of "at least some of [the fourteen John Doe defendants]…to the extent [this information was] available." *See* Docket Entry No. 35, p. 3. On July 14, 2015, this Office filed a letter responding to the Court's June 30, 2015 *Valentin* Order. *See* Docket Entry No. 37. In its July 14, 2015 letter, this Office identified some of the John Doe defendants mentioned in plaintiff's complaint. Moreover, on August 6, 2015, this Office forwarded to plaintiff a letter requesting more descriptive information regarding the defendants he seeks to sue, including: "height, hair color or skin color, or any other physical features that could be used to aid the identification of [the] John Doe defendants."

On August 24, 2015, plaintiff filed a motion to compel defendants to provide Local Rule 33.2 Interrogatories and Document Requests, as well full responses to the Court's June 30, 2015 Order. *See* Docket Entry No. 52. In her March 6, 2015 Order of Service, Judge Abrams noted that "Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to standard discovery requests, applies to this action." *See* Docket Entry No. 6. Accordingly, defendants were required to provide plaintiff with Local Civil 33.2 Interrogatories and Requests for Production of Documents by July 6, 2015. Due to an inadvertent calendaring error, the undersigned did not timely produce these disclosures. On August 31, 2015, however, defendants served on plaintiff, via first class mail, responses to plaintiff's Local Civil Rule 33.2 Requests. Attached to these requests were documents bearing Bates Stamp Nos. D 1 through D 347. These documents include plaintiff's medical records, the Use of Force Reports generated by the Department of Correction ("DOC") for the two dates of incident, the Investigation Reports generated by DOC, and plaintiff's inmate file. Defendants apologize to the Court and to plaintiff for the delay in the production of this material. Accordingly, defendants respectfully request that the Court deem plaintiff's motion to compel moot.

Plaintiff's August 24, 2015 letter also asserts that defendants have "provided inadequate evasive disclosures to the Court's March 6, 2015 and June 30, 2015 Valentin orders." *See* Docket Entry No. 52, p. 3. Contrary to this assertion, defendants responded to the Court's June 30, 2015 Order on July 14, 2015. *See* Docket Entry No. 37. In this letter, defendants identified a number of John Doe defendants. Additionally, defendants wrote to plaintiff requesting more descriptive information about the other John Doe defendants plaintiff seeks to sue. To date, plaintiff has yet to respond to this request. Instead, plaintiff's motion claims that plaintiff "has reasonably identified the sought defendants to warrant the disclosure of identitys and or the service information." *See* Docket Entry No. 52, p. 3. Given plaintiff's lack of cooperation in identifying these individuals, defendants cannot be found to have "maliciously [withheld] identitys' to avoid prosecution of sadistic defendants." *Id*. at p. 4. Nevertheless, defendants respectfully refer plaintiff to their responses to Interrogatory and Document Request Nos. 2, 3 and 6, served on August 31, 2015. These responses, along with the accompanying documents, provide a comprehensive list of all the Correction Officers and witnesses to the incidents alleged in the Complaint.

Accordingly, defendants respectfully request that plaintiff's motion to compel be denied as moot. The undersigned thanks the Court for its consideration of this request.

          Respectfully submitted,

          /s/

          Daniel G. Saavedra
          Assistant Corporation Counsel
          Special Federal Litigation Division

cc:    Umar Alli, Plaintiff *Pro Se* (By First Class Mail)
       DIN#: 12A1086
       Clinton Correctional Facility, PO Box 2000
       Dannemora, NY 12929