

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

DANIEL G. SAAVEDRA
*Assistant Corporation Counsel*
Phone: (212) 356-0892
Fax: (212) 356-3509
dsaavedr@law.nyc.gov

October 9, 2015

**BY E.C.F.**
Honorable Ronnie Abrams
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *Alli Umar v. Security Officer Pedlar, et al.,* 14 Civ. 10257 (RA)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above referenced matter on behalf of defendants City of New York, Dora Schriro, and Correction Officers Fluker, and Wong (hereinafter "defendants"). Defendants write to respectfully object to plaintiff's first amended complaint and, in the alternative, to respectfully inform the Court of their intention to move to partially dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

      By way of background, plaintiff's complaint alleges, *inter alia*, that he was assaulted by several New York City Department of Correction ("DOC") officers on January 11, 2012. Plaintiff further alleges correction officers assaulted him during a cell extraction on February 23, 2012. Plaintiff also alleges that he was denied due process and adequate medical care following the alleged incidents in January and February of 2012.

      On September 23, 2015, without leave of Court and without defendants consent, plaintiff filed an amended complaint in this matter wherein he named as defendants "Officer Pedlar, Officer Bravo, Officer Almazar, Officer Bunton, Officer Spears, Officer Rhor, Officer Fluker, Officer Wong, Captain Behari, City of New York, Rose Argo, Kathleen Mulvey, Hildy J. Simmons, Dora Schriro, Florence Finkle, Lewis Finkelman, Michael J. Reagan, Cathy Potler, Richard T. Wolf, Kenneth T. Armstead, Captain Gates, Captain Medina, Chief Murphy, Captain Carter #1086, Officer Kourouklis #4988, Officer Sanchez #18445, Officer Lopez, Officer Diaz, Officer Stokes, Captain Steward-Bowden, #1225, Officer Villette, ADW Brian Sullivan #65, ADW Collins #126, ADW Lewis, ADW Bennett, Officer Harris #15449, Officer Etrella #10631, ADW Kenneth Stukes #1029, William Jerome #15952, Warden Edmund Duffy, Investigator Daggett-Terenzi, Investigator Arnold #2105, Investigator I. Martinez #136, Investigator Garcia,

1

John Doe Deputy Director Investigations, John Doe Assistant Commissioner of Investigation, John '6' BOC's Field Representatives, John Doe Visiting Room/Area Officers, John Doe Deputy Chief of Department, John Doe Adjudication Captain of January Infraction, John Doe Adjudication Captain of February Infraction, John Doe Officers of January Use of Force, Devorah J. Nazarian 'MD,' Physician Abdelnur 'MD,' Pravin Rajan 'MD,' and John Doe Deputy Commissioner for Investigations & Trials." *See* Docket Entry No. 58.

**I.        Plaintiff Failed to Seek Leave of Court to File Amended Complaint**

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course within twenty one days after serving it, or within twenty one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Outside this time frame, an amended pleading may only be filed with the opposing party's written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a). In this case, plaintiff filed his original complaint on December 22, 2014. *See* Docket Entry No. 1. On July 20, 2015, defendants answered the original complaint. *See* Docket Entry No. 38. Plaintiff, however, did not file the amended complaint until September 23, 2015, approximately seventy five days after defendants' answer. Accordingly, defendants object to plaintiff's proposed amended complaint.

**II.       Plaintiff's Amended Complaint Fails to State a Plausible Claim for Relief**

Should the Court grant leave for plaintiff to file his amended complaint, defendants respectfully request that the Court schedule a pre-motion conference in light of defendants' intention to move to partially dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Should Your Honor find that a pre-motion conference is unnecessary, however, defendants respectfully request that the Court endorse the briefing schedule outlined below.

   A.    Some of Plaintiff's Claims are Barred by the Applicable Statute of Limitations

Section 1983 excessive force cases brought in New York are subject to a three-year statute of limitations. *See Cuellar v. Love*, No. 11 Civ. 3632 (NSR), 2014 U.S. Dist. LEXIS 51622, at *14 (S.D.N.Y. Apr. 11, 2014) (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Therefore, the statute of limitations on the claims raised in the complaint ran on January 11, 2015 and February 23, 2015, respectively. Plaintiff filed this lawsuit on December 16, 2014,[2] making his excessive force claim timely against the City and various defendants. Plaintiff's amended complaint, however, seeks to raise claims against defendants who were not

---

[1] Your Honor's Individual Rules and Practices did not indicate whether a pre-motion conference is required before a party may file a dispositive motion.

[2] "For statute of limitations purposes, a *pro se* prisoner's complaint is deemed filed on the date that the prisoner turns his complaint over to prison officials for transmittal to the court, not when the court actually receives it." *Curtis v. Williams*, No. 11 Civ. 1186 (JMF), 2013 U.S. Dist. LEXIS 66625, at *23 (S.D.N.Y. May 9, 2013) (quoting *Abbas v. Dixon*, 480 F.3d 636, 638 n.1 (2d Cir. 2007)). A presumption exists that the date the complaint is signed is the date it was handed over to correction officials. *See id.*

named in the original complaint. Specifically, plaintiff names the following defendants who were not named in the original complaint: Officer Kourouklis, Officer Sanchez, Officer Spiris, Officer Lopez, Officer Diaz, Officer Stokes, Officer Villette, ADW Sullivan, ADW Collins, ADW Lewis, ADW Bennett, Officer Harris, Officer Estrella, ADW Stukes, Officer Jerome, Investigator Daggett-Terenzi, Investigator Arnold, Investigator Martinez, Investigator Garcia, Devorah J. Nazarian, Physician Abdelnur, and Pravin Rajan (hereinafter "newly named defendants").

"It is familiar law that 'John Doe' pleadings cannot be used to circumvent the statute of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Moody v. Town of Greenburgh*, No. 09 Civ. 6579 (GAY), 2012 U.S. Dist. LEXIS 49703, at *7 (S.D.N.Y. Apr. 9, 2012) (quoting *Aslandis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993). Indeed, when a John Doe officer is used in lieu of a named defendant, a plaintiff must replace the John Doe with a named defendant before the statute of limitations runs. *Lewis v. City of New York*, No. 12-CV-2836 (RRM) (RML), 2013 U.S. Dist. LEXIS 180202, at *11 (E.D.N.Y. Dec. 24, 2013).

Fed. R. Civ. P. 15(c)(1)(C) permits the changing of the name of a party against whom a claim is asserted past the expiration of the statute of limitations *only* if the party to be brought in by amendment: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(3). The Supreme Court has stated that the crux of the relation-back inquiry is whether the defendants knew or should have known that they would have been named in the complaint "but for an error." *Krupski v. Costa Crociere, S.P.A.*, 560 U.S. 538, 548 (2010). However, the "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Hogan v. Fischer*, 738 F.3d 509, 517-18 (2d Cir. 2013) (quoting *Barrow v. Wethersfield*, 66 F.3d 466, 470 (2d Cir. 1995)). Accordingly, where a plaintiff fails to amend and identify the John Doe defendants in a § 1983 action within the statute of limitations period, any amended complaint naming those individuals after the expiration of the statute of limitations cannot be said to relate back under Rule 15(c)(1)(c).[3] Therefore, plaintiff's claims against the newly named defendants are barred by the applicable statute of limitations.

B.  Plaintiff's Claims against Certain Defendants are Plainly Insufficient

Plaintiff's amended complaint plainly fails to state a plausible Municipal Liability claim against the City of New York. In addition, all of plaintiff's state law claims fail as a matter of law because they are untimely. *See* Amended Complaint, Docket Entry No. 58-1, p. 24, 25.

---

[3] Even under the more lenient State law, N.Y.C.P.L.R. § 1024, plaintiff's claims against the newly named defendants do not "relate back" because plaintiff can neither demonstrate that he "exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name" nor that he provided a description of the John Doe party "in such a form as [would] fairly appraise the party that he is the intended defendant." *Hogan*, 738 F.3d at 519.

3

1. *Municipal Liability*

To state a claim for municipal liability, a plaintiff must plausibly allege that the constitutional violation was caused by one of four different types of scenarios: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1985) (plurality opinion); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

In this case, plaintiff alleges that the City of New York, and the various supervisory defendants, are liable because they "knew or should have known that a long standing pattern of excessive force" existed on Rikers Island. *See* Amended Complaint, Docket Entry No. 58-1, p. 17. Plaintiff further alleges that the City of New York's failure to "take measures to curb these" patterns of excessive force amounts to deliberate indifference. *Id*. Plaintiff offers no facts to support these conclusory allegations. Instead, plaintiff offers a list of civil lawsuits to support his allegations. However, it is well established that simply citing to civil lawsuits does not state a claim for municipal liability. *See Simms v. City of New York*, 480 Fed. Appx. 627, 630 (2d Cir. 2012). Therefore, plaintiff has failed to adduce sufficient facts which would lend credence to his allegations of an unconstitutional pattern or practice. Accordingly, plaintiff's municipal liability claim should be dismissed as a matter of law.

2. *State Law Claims*

Plaintiff also alleges a number of additional, state law, claims at the end of his complaint. These claims include: assault and battery, negligence, negligent hiring and supervision, conspiracy, and vicarious liability under *respondeat superior*. These claims all fail as a matter of law. Under New York law, the statute of limitations for tort claims against a municipality or employees thereof, expires "one year and ninety days after the happening of the event upon which the claim is based." Gen. Municipal Law § 50-i. In this case, the statute of limitations for plaintiff's state law claims expired on April 12, 2013 and May 23, 2013, respectively. Nevertheless, plaintiff did not file his complaint in this action until December 2014. Accordingly, plaintiff's state law claims are barred by the applicable statute of limitations and must be dismissed as a matter of law.

On these grounds[4], defendants believe that they possess a good faith basis on which to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, defendants respectfully request that the Court endorse the proposed briefing schedule:

| | |
|---|---|
| Motion papers served and filed by defendants: | December 18, 2015 |
| Opposition papers served and filed by plaintiff: | February 12, 2016 |
| Reply papers, if any, served and filed by defendants: | March 25, 2016 |

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/
Daniel G. Saavedra
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Umar Alli, Plaintiff *Pro Se* (By First Class Mail)
DIN#: 12A1086
Clinton Correctional Facility
PO Box 2000
Dannemora, NY 12929

---

[4] Defendants reserve the right to move on additional grounds not presented in this letter application.