

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL G. SAAVEDRA**
*Assistant Corporation Counsel*
Phone: (212) 356-0892
Fax: (212) 356-3509
dsaavedr@law.nyc.gov

May 25, 2016

**BY E.C.F.**
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: *Umar Alli v. Warden of ARNDC, et al.*, 12-cv-3947 (GBD) (GWG)
       *Umar Alli v. Deputy Moore, et al.*, 14-cv-6597 (AT) (KNF)
       *Umar Alli v. Security Officer Pedlar, et al.*, 14-cv-10257 (RA) (JLC)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matters on behalf of defendant City of New York. Defendant City writes in response to plaintiff's motion to reopen the above referenced matters. *See* Docket Entry No. 176. For the reasons set forth herein, defendant City respectfully requests that the Court: (1) deny plaintiff's request to reopen the aforementioned cases; and (2) enforce the settlement agreement reached by the parties.[1]

**I.**  <u>Procedural History</u>

    Plaintiff filed the instant action on May 17, 2012. *See* Docket Entry No. 2. Plaintiff subsequently filed two additional cases in the Southern District. Those cases are *Alli v. Moore, et al.*, 14-cv-597 (AT)(KNF) and *Alli v. Security Officer Pedlar, et al.*, 14-cv-10257 (RA) (JLC). Those cases rest on separate and distinct factual allegations. However, the cases are procedurally related because the plaintiff agreed to settle all three cases on or about December 16, 2015. Accordingly, on December 17, 2015, this Office informed Your Honor, as well as Judge Torres and Judge Abrams, that the parties had reached a settlement agreement and that settlement paperwork would be forthcoming. *See* Docket Entry No. 169. On December 18,

---

[1] Because motion practice on this issue will necessarily involve identical legal questions, defendant City respectfully submits that the aforementioned cases should be consolidated for purposes of this motion.

2015, Your Honor issued an order closing the case and granting the parties thirty (30) days to file an application to restore the action. *See* Docket Entry No. 170. Similar Orders were issued by Judges Abrams and Torres. *See* 14-cv-6597, Docket Entry No. 77; 14-cv-10257, Docket Entry No. 68.

On May 11, 2016, Ryan Michael Lozar, Esq. filed a notice of appearance on behalf of plaintiff, *see* Docket Entry No. 175, and subsequently filed a motion to reopen the instant case. *See* Docket Entry No. 176. Mr. Lozar filed similar motions before Judges Abrams and Torres. *See* 14-cv-6597, Docket Entry No. 83; 14-cv-10257, Docket Entry No. 74. Each of these motions was filed well after the thirty-day deadline to restore the action.

## II.     Legal Standard

Settlement agreements are governed by the principles of contract law. *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). Once a contract is entered into, it is binding and conclusive. *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989). "The Second Circuit Court of Appeals has articulated four factors to be considered in discerning whether the parties intended to be bound [by a settlement agreement] in the absence of a fully executed, written document: (1) whether there has been an express or implied reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d. Cir. 1985).

Courts "must carefully balance each one of the four factors to determine whether the parties intended to be bound and to 'guard against the possibility that the parties will seek to manipulate settlements to gain strategic advantage, settling and unsettling litigation to suit their immediate purpose.'" *Wesley v. Correction Officer Badge # 9417*, No. 05 Civ. 5912 (HB), 2008 U.S. Dist. LEXIS 2, at *7 (S.D.N.Y. Jan. 2, 2008) (citing to *R.G.Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 76 (2d Cir. 1984)).

In this case, analysis of the four *Winston* factors indicates that the parties clearly intended to be bound by the settlement agreement reached on December 16, 2015, even in the absence of a fully executed, written document. First, and most significantly, neither party expressed any intent not to be bound in the absence of a formal agreement. Indeed, in a recorded phone conversation, plaintiff clearly agrees to accept $50,000.00 to settle the aforementioned cases.[2] Defendants also respectfully submit that they partially performed the terms of the agreement by preparing and finalizing formal settlement paperwork, which satisfies the second prong of the *Winston* analysis. *See Wesley*, 2008 U.S. Dist. LEXIS 2, *8-9. The final two *Winston* factors also weigh in favor of enforcement. As the phone conversation between the parties makes clear, the material terms of the settlement—the payment of a lump sum in exchange for a waiver of liability—had been agreed upon and there were no remaining terms to be negotiated. *See R.G. Group Inc.*, 751 F.2d at76. Lastly, the simplicity of the agreement in this

---

[2] A transcript of this phone conversation is attached hereto. Should it become necessary, a copy of the audio can also be provided to the Court for its review.

case is "not of a complexity or magnitude that would always require a writing." *Collick v. U.S.*, 552 F. Supp. 2d 349, 354 (E.D.N.Y. 2008).

Finally, it bears emphasis that this Court, as well as Judge Abrams and Judge Torres, set a thirty-day deadline for either side to move to reopen the matter if the settlement was not finalized. Plaintiff did not move for any relief within that deadline. Accordingly, defendant City respectfully submits that plaintiff's motion should be denied on this basis as well.

Accordingly, defendant City respectfully requests that the Court deny plaintiff's motions to reopen the aforementioned cases and, instead, enforce the settlement reached by the parties on December 16, 2015. Defendant City thanks the Court for its time and consideration of this matter.

Respectfully submitted,

/s/

Daniel G. Saavedra
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Ryan Lozar, Esq. (By ECF)
      *Attorney for Plaintiff*

      Honorable Analisa Torres
      United States District Judge
      United States District Court
      Southern District of New York
      500 Pearl Street
      New York, New York 10007

      Honorable Ronnie Abrams
      United States District Judge
      United States District Court
      Southern District of New York
      40 Foley Square
      New York, New York 10007