MEMO ENDORSED

The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 18 2016

MAY 22, 2016

The Honorable Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:          Alli v. Pedlar, et al., No. 14 Civ. 10257 (RA) (JLC)
Related:     Alli v. Warden of A.R.N.D.C., et al., No. 12 Civ. 3947 (GBD) (GWG)
             Alli v. Moore, et al., No. 14 Civ. 6597 (AT) (KNF)

Dear Judge Abrams:

On May 11, 2016, I made a Notice of Appearance on behalf of Plaintiff Umar Alli in the above-captioned civil rights actions. Previously, and all throughout this litigation, Mr. Alli represented himself pro se.

On December 18, 2015, the Court issued a thirty-day dismissal order in this case after Defendants reported that the Parties had reached a settlement in principle. Docket Nos. 67-68. Unfortunately, the Parties never reached settlement. Mr. Alli questions whether the Parties achieved settlement in principle and it is his position that they never reached a formal, enforceable agreement. As to the latter point, the Parties never entered into a written agreement and no funds changed hands, among other things.

Therefore, I write to request that the Court re-open this matter.

Mr. Alli respectfully requests that the Court excuse his delay in making this motion, which admittedly comes more than thirty days after the thirty-day dismissal order's deadline. Mr. Alli's delay is largely the result of obstacles he has faced as a correctional facility inmate (he expects his incarceration to end later this year). Although Mr. Alli, like any inmate, has had logistical trouble communicating with the outside world, Mr. Alli has experienced still other problems which contributed to the delay. One of these problems left Mr. Alli hospitalized for roughly ten days in February 2016 and occupied his time and attention for many more days than that. Mr. Alli is glad to provide the Court with more information in the event it would be helpful.

Despite the delay, Mr. Alli has diligently communicated with the Court's pro se office via U.S. post to learn about the status of this case (for a time he was not aware that the thirty-day dismissal order had been posted to the docket) and to provide the Court with his updated mailing address, which has changed a number of times since the entry of the thirty-day dismissal order. Furthermore, Mr. Alli hopes that the undersigned's recent Notice of Appearance shows that Mr. Alli diligently sought counsel to help him to promptly and meaningfully comply with the Court's orders going forward.

Two other litigations before the Court involve some of the same Parties in this case. Those cases are Alli v. Warden of A.R.N.D.C., et al., No. 12 Civ. 3947 (GBD) (GWG) ("Warden"), and Alli v. Moore, et al., No. 14 Civ. 6597 (AT) (KNF) ("Moore"). Although Warden and Moore rest on different substantive factual allegations, they are procedurally related to this action because, in response to Defendants' December 17, 2015 report of the Parties' alleged global settlement in principle, the Honorable George B. Daniels and the Honorable Analisa Torres also, like Your Honor, entered thirty-day dismissal orders. As a result, today I have also filed motions to re-open Warden and Moore.

Defendants object to Mr. Alli's motion to re-open. On information and belief, Defendants will argue that the Parties entered into an enforceable global settlement agreement which precludes the re-opening of this action, Warden and/or Moore. Mr. Alli, who argues that no such agreement exists, requests that the Court provide the Parties with an opportunity to be heard with respect to this dispute at conference, through briefing, or both.

Thank you,

Ryan Lozar
Attorney for Plaintiff Umar Alli

---

Application granted. After reviewing the parties' submissions and weighing the four factors from *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir. 1985), this Court finds that the oral settlement agreement was not enforceable. Here, as in *Silas v. City of New York*, 536 F. Supp. 2d 353 (S.D.N.Y. 2008), although two of the factors favor enforcement—the lack of express reservations regarding the absense of writing and lack of open terms—the other two do not—partial performance and the type of agreement. *Id.* at 358-59. Neither party has undertaken enforcement because "plaintiff did not terminate his lawsuit; and defendants did not deliver to him the agreed-upon sum of money" and a settlement under New York law must be reduced to writing, which this was not. *Id.* Where, as here, New York law "alone bars enforcement of this settlement agreement," the *Winston* factors favor Plaintiff, *id.*, and this Court will not enforce the oral settlement agreement.

With respect to Plaintiff's delay in filing his motion, the Court will excuse Plaintiff's failure to timely move to reopen the case in light of his pro se status, his time in the hospital, and his additional logistical issues.

The Clerk of Court is respectfully directed to reopen the case.

Hon. Ronnie Abrams, U.S.D.J.
7/18/2016