14 Civ. 10257 (RA) (JLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI,

Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

Defendants.

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO THE SECOND AMENDED COMPLAINT AND IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE OPERATIVE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Daniel G. Saavedra*
*Tel: (212) 356-0892*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

UMAR ALLI,

                                    Plaintiff,

             -against-                      14 Civ. 10257 (RA) (JLC)

CITY OF NEW YORK, ET AL.,

                                  Defendants..

------------------------------------------------------------------------ x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO THE SECOND AMENDED COMPLAINT AND IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE OPERATIVE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## PRELIMINARY STATEMENT

Plaintiff Umar Alli (hereinafter "plaintiff") brings this action pursuant to 42 U.S.C § 1983 alleging constitutional violations arising out of two separate incident, one on January 11, 2012 and the second on February 23, 2012, which purportedly occurred at the George R. Vierno Center (hereinafter "G.R.V.C.") on Rikers Island. Defendants City of New York, Rose Argo, Kenneth T. Armstead, Correction Officer Fluker, Correction Officer Rhor, Correction Officer Wong, Lewis Finkelman, Florence Finkle, Kathleen Mulvey, Cathy Potler, Michael Regan, Dora Schriro, Richard Wolf, Officer Bravo, and Officer Pedlar (hereinafter "defendants") submit this memorandum of law in opposition to the Second Amended Complaint and in support of their partial motion to dismiss the operative complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff filed the original complaint in this matter on or about December 16, 2014 alleging, *inter alia*, deprivation of his constitutional rights on January 11, 2012 and February 23, 2012. (*See* Original Complaint, annexed to the November 21, 2016 Declaration of Daniel G. Saavedra ("Saavedra Decl.") as Exhibit A). In that complaint, plaintiff named as defendants Officer Pedlar, Officer Bravo, Officer Almazar, Officer Bunton, Captain Behari, Captain Spears, Officer Rhor, Officer Fluker, Officer Wong, the City of New York, Rose Argo, Kathleen Mulvey, Hildy J. Simmons, Dora Schriro, Florence Finkle, Lewis Finkelman, Michael J. Reagan, Cathy Potler, Richard T. Wolf, Kenneith T. Armstead, and a number of John Does. (*See* Ex. A). On July 20, 2015, this Office interposed an answer to the complaint on behalf of defendants Rose Argo, Kenneth T. Armstead, City of New York, Correction Officer Fluker, Correction Officer Rhor, Correction Officer Wong, Lewis Finkelman, Florence Finkle, Kathleen Mulvey, Cathy Potler, Michael Regan, Dora Schriro, Richard Wolf, Officer Bravo, and Officer Pedlar. (*See* Docket Entry No. 38).

On September 23, 2015, without leave of Court and without defendants' consent, plaintiff *pro se* filed an amended complaint in this matter wherein he named as defendants "Officer Pedlar, Officer Bravo, Officer Almazar, Officer Bunton, Officer Spears, Officer Rhor, Officer Fluker, Officer Wong, Captain Behari, City of New York, Rose Argo, Kathleen Mulvey, Hildy J. Simmons, Dora Schriro, Florence Finkle, Lewis Finkelman, Michael J. Reagan, Cathy Potler, Richard T. Wolf, Kenneith T. Armstead, Captain Gates, Captain Medina, Chief Murphy, Captain Carter #1086, Officer Kourouklis #4988, Officer Sanchez #18445, Officer Lopez, Officer Diaz, Officer Stokes, Captain Steward-Bowden, #1225, Officer Villette, ADW Brian Sullivan #65, ADW Collins #126, ADW Lewis, ADW Bennett, Officer Harris #15449, Officer Etrella #10631, ADW Kenneth Stukes #1029, William Jerome #15952, Warden Edmund Duffy,

Investigator Daggett-Terenzi, Investigator Arnold #2105, Investigator I. Martinez #136, Investigator Garcia, John Doe Deputy Director Investigations, John Doe Assistant Commissioner of Investigation, John '6' BOC's Field Representatives, John Doe Visiting Room/Area Officers, John Doe Deputy Chief of Department, John Doe Adjudication Captain of January Infraction, John Doe Adjudication Captain of February Infraction, John Doe Officers of January Use of Force, Devorah J. Nazarian 'MD,' Physician Abdelnur 'MD,' Pravin Rajan 'MD,' and John Doe Deputy Commissioner for Investigations & Trials." (*See* Docket Entry No. 58).

On October 9, 2015, defendants informed the Court of their intention to move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket Entry No. 63. However, on or about December 17, 2015, the parties entered into a settlement agreement before the motion could be briefed or decided. *See* Docket Entry Nos. 67, 68. On May 11, 2016, Ryan Lozar Esq. filed a notice of appearance on behalf of plaintiff Umar Alli. (*See* Docket Entry No. 73). Counsel subsequently moved to reopen the instant case and, on July 18, 2016, the Court reopened the instant matter. (*See* Docket Entry Nos. 74, 77).

On September 28, 2016, plaintiff's counsel filed a proposed second amended complaint with the Court. In this second amended complaint, plaintiff alleges that he was subjected to excessive force on January 10, 2012 following a deposition with an Assistant Corporation Counsel on another matter and again on February 23, 2012 during a cell extraction. (*See generally* Second Amended Complaint, annexed to Saavedra Decl. as Exhibit B). Plaintiff alleges serious injury as a result of these purported assaults. Plaintiff further alleges that the defendants violated his first amendment rights, that the defendants were deliberately indifferent to his medical needs, that the defendants violated his right to due process, that the City of New York is deliberately indifferent to a pattern and practice of unconstitutional activity on Rikers

Island, and that certain defendant officers failed to intervene with respect to the purported assaults on plaintiff. (*See* Ex. B, ¶¶ 72-119).

In the second amended complaint, plaintiff names as defendants: the City of New York, Officer Pedlar, Officer Bravo, Officer Almanzar, Captain Carter, Officer Bunton, Captain Behari, Officer Spears, Officer Rhor, Officer Fluker, Officer Wong, Captain Gates, Captain Medina, Officer Kouroklis, Officer Sanchez, Officer Spiris, Officer Lopez, Officer Diaz, Officer Stokes, Captain Steward-Bowden, Officer Villete, Officer Harris, Officer Estrella, Officer Williams, John/Jane Doe Corrections Officers 1-20, John/Jane Corrections Department Physicians 1-3, Dora Schriro, Rose Argo, Kathleen Mulvey, Hildy J. Simmons. (*See* Ex. B).

Importantly, in both the amended complaint and the second amended complaint, plaintiff names the following defendants who were not named in the original complaint: Captain Carter, Officer Kourouklis, Captain Gates, Officer Kouroklis, Officer Sanchez, Officer Spiris, Officer Lopez, Officer Diaz, Officer Stokes, Captain Steward-Bowden, Officer Villete, Officer Harris, Officer Estrella, and Officer Williams (hereinafter "newly named defendants"). (*Compare* Ex. A and Ex. B)

**STANDARD OF REVIEW**

Defendants move to dismiss the second amended complaint, in part, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). On such a motion, the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998); *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994) (citing *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989)). A motion to dismiss should be granted where a complaint fails to plead enough facts to state a claim that is *plausible* on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 677 (2009).  The factual allegations of the complaint must be more than speculative, and show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation a cause of action's elements."  *Twombly*, 550 U.S. at 555.  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

In deciding such a motion, a Court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).  For purposes of dismissal, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).  Even where a document is not incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."  *Chambers*, 282 F.3d at 152-53 (internal quotations omitted).

## ARGUMENT

## POINT I

## OPPOSITION TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**A.    Plaintiff's claims against any "Newly Named Defendants" are futile because they are barred by the Applicable Statute of Limitations.**

### 1.  Fed. R. Civ. P. 15(a)(1)

"A party may amend its pleading once as a matter of course within 21 days after serving it or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the

court's leave." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) advises that such leave "shall be freely given when justice so requires," Rule 16(b) directs district court judges to set scheduling orders limiting the time to make such amendments, which "may be modified only for good cause and with the judge's consent."

While leave to amend a complaint should be freely given, "leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). "A determination that a proposed claim is futile is dictated by the same standards that govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009). Thus, a proposed amendment is futile if it would be subject to dismissal for failure to state a claim. *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999).

### 2.  Statute of Limitations

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the statute of limitations applicable to personal injury actions occurring in the state in which the federal court sits. *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). Since Section 214(5) of New York's Civil Practice Law and Rules ("CPLR") provides a three-year statute of limitations for personal injury actions, the statute of limitations for actions brought in federal courts sitting in New York pursuant to §1983 is three years. *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989). However, the date on which a §1983 action accrues is governed by federal law, *see Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997), which provides that an action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980) ("The crucial time for

accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action").

An excessive force claim brought pursuant to § 1983 accrues at the moment of alleged force. *See Strada v. City of New York*, 11 Civ. 5735 (MKB), 2014 U.S. Dist. LEXIS 94687, *14 (E.D.N.Y. July 11, 2014) (*citing Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). In a procedural due process case, unless a plaintiff's disciplinary punishment lengthens their overall time of confinement, a claim accrues, for purposes of the statute of limitations, when the plaintiff knows or has reason to know of the injuries for the basis of the action—i.e. the disciplinary hearing. *See Odom v. Calero*, 06 Civ. 15527 (LAK) (GWG), 2008 U.S. Dist. LEXIS 11582, at 17-19 (S.D.N.Y. Feb. 19, 2008).

Moreover, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent the statute of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued*." Moody v. Town of Greenburgh*, No. 09 Civ. 6579 (GAY), 2012 U.S. Dist. LEXIS 49703, at *7 (S.D.N.Y. Apr. 9, 2012) (quoting *Aslandis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993). Indeed, when a John Doe officer is used in lieu of a named defendant, a plaintiff must replace the John Doe with a named defendant before the statute of limitations runs. *Lewis v. City of New York*, 12 Civ. 2836 (RRM) (RML), 2013 U.S. Dist. LEXIS 180202, at *11 (E.D.N.Y. Dec. 24, 2013).

### 3. Application

Any claims in the second amended complaint against any newly named defendants are barred by the applicable statute of limitations and are, accordingly, futile as a matter of law. In this case, plaintiff's constitutional claims arise out two separate incidents occurring on January 10, 2012 and February 23, 2012. (*See* Ex. A, ¶¶ 31, 95). Any claims arising

out of those incidents, therefore, accrued on January 10, 2012 and February 23, 2012, because plaintiff was contemporaneously aware of the fact that he was suffering from wrongs for which damages may be recovered in a civil action. *See Singleton*, 632 F.2d at 192. Despite this, plaintiff purports to name fourteen (14) new defendants in the second amended complaint, which was filed on September 28, 2016—well past the applicable three-year statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, which expired on January 10, 2015 and February 23, 2015 respectively.[1] Accordingly, because plaintiff's claims against any newly named defendants are untimely, they must be dismissed with prejudice.

**B.    Plaintiff's claims against any "Newly Named Defendants" do not Relate Back to the Original Complaint.**

Despite the fact that plaintiff's claims against any newly named defendants are untimely, the Federal Rules of Civil Procedure permit a plaintiff to file an amended complaint past the expiration of the statute of limitations to add additional defendants. However, Rule 15(c) requires that the amendment adding the new party "relate back" to the date plaintiff filed the original complaint. *See Lewis v. City of New York*, 12 Civ. 2836 (RRM) (RML), 2013 U.S. Dist. LEXIS 180202, (E.D.N.Y. Dec. 24, 2013); *see* Fed. R. Civ. P. 15(c); *see also Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). The Federal Rules of Civil Procedure provide for possible relation back to add additional parties past the statute of limitations under both Rule 15 (c)(1)(A) and Rule 15 (c)(1)(C). However, neither provision saves plaintiff's untimely amendments in this case.

---

[1] This same logic holds true for any newly named John Doe defendants in the Second Amended Complaint. Accordingly, any claims against John Does in the Second Amended Complaint are untimely and must be dismissed with prejudice.

### 1. Plaintiff's Amendment Adding Claims against Newly Named Defendants does not Relate Back under Fed. R. Civ. Pro. 15(c)(1)(C)

Rule 15(c)(1)(C) of the Federal Rule of Civil Procedure provides for relation back when:

> "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." F.R.C.P. 15(c)(1)(C).

Courts have held that under Rule 15(c)(1)(C), "[a] claim against a new defendant in an amended complaint relates back to the original complaint if: (1) the claims against the new part[y] arise out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new part[y] received notice of the suit within 120 days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party." *Pikos v. Liberty Maint., Inc.*, 09 Civ. 4031 (WFK) (RER), 2015 U.S. Dist. LEXIS 151123 (E.D.N.Y. Nov. 6, 2015).

Defendants concede that the allegations against the newly named defendants in the second amended complaint arise out of the same occurrence as alleged in the original complaint. However, Defendants contend that plaintiff fails to meet the second and third elements of relation back under Rule 15(c)(1)(C).

i.    The Newly Named Defendants were not on Notice of this Action within the Statute Of Limitations Period

"The linchpin of Rule 15(c) is notice, and notice within the limitations period." *Rodriguez v. City of New York*, 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *18 (S.D.N.Y. Sept. 7, 2011) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986)). Although actual notice is preferable, a court may impute constructive notice of a lawsuit "to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is 'some showing that the attorney(s) knew that the additional defendants would be added to the existing suit.'" *Id.*, at *19 (quoting *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989)). When Courts in the Second Circuit have applied the constructive notice doctrine, the attorneys had "clear knowledge of the identity of the unidentified defendant, within the limitations period, such that it would be logical to assume that a reasonable attorney would either (1) inform his client of the prospective lawsuit or (2) takes steps to begin preparing a defense." *Velez v. Fogarty*, 06 Civ. 13186 (LAK) (HBP), 2008 U.S. Dist. LEXIS 96999, at *19 (S.D.N.Y. Nov. 20, 2008).

As an initial matter, plaintiff did not name any of the newly named defendants as parties in the original complaint, but instead only named John Does as defendants. Therefore, none of the newly named defendants were on *actual* notice of this lawsuit between December 16, 2014 and February 23, 2015, which was the time between plaintiff's purported filing of the original complaint and the expiration of the statute of limitations. Furthermore, the newly named defendants were not on constructive notice of the lawsuit because the City of New York and the Office of the Corporation Counsel were not served with a copy of plaintiff's original complaint until after the statute of limitations had already expired. (*See* Order of Service, dated March 6, 2015, Docket Entry No. 6) ("The Clerk of Court is requested to serve a copy of this Order and

Plaintiff's complaint on Corporation Counsel at 100 Church Street, New York, NY 10007). It follows, therefore, that this Office did not have "clear knowledge of the identity of the unidentified defendant, within the limitations period, such that it would be logical to assume that a reasonable attorney would either (1) inform his client of the prospective lawsuit or (2) takes steps to begin preparing a defense." *Velez*, 2008 U.S. Dist. LEXIS 96999, at *19. Accordingly, because none of the newly named defendants were on notice of this action until after the statute of limitations expired, plaintiff fails to satisfy the notice requirement of Rule 15(c)(1)(i).

ii.   <u>Plaintiff's Failure to Name the Newly Named in the original Complaint defendants was not due to a "Mistake" As Contemplated By Rule 15(c)</u>

"Rule 15(c)[(1)(C)] explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), . . . [T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995). Although the Supreme Court has since addressed relation-back in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), the Second Circuit's decision in *Barrow* remains unaffected. *See Morales v. Cnty. of Suffolk*, 952 F. Supp. 2d 433 (E.D.N.Y. July 6, 2013) ("*Barrow* remains good law even after *Krupski*"); *see also Dominguez v. City of New York*, 10 CV 2620 (BMC), 2010 U.S. Dist. LEXIS 88818, at *6 (E.D.N.Y. Aug. 27, 2010) (stating that *Barrow's* holding that a lack of knowledge is not a mistake "is still intact [after *Krupski*]"). Accordingly, "where the plaintiff knows who the proper party is, just not by name, there is no mistake about identity that will permit relation back under Rule 15(c)." *Moran v. County of Suffolk*, 11 Civ. 3704 (PKC) (GRB), 2015 U.S. Dist. LEXIS 37010, *13 (E.D.N.Y. Mar. 24, 2015). "Thus, a plaintiff who 'believes that there exists individual defendants who are potentially liable for his injuries, but who does not know their exact identities' and who waits

until after the expiration of the limitations period to remedy this lack of knowledge (by naming a specific individual as a defendant), will find his claim to be time-barred." *Abreu v. City of New York*, 657 F. Supp. 2d 357, 359 (E.D.N.Y. 2009) (citing *Malesko v. Corr. Servs. Corp.*, 229 F.3d 374, (2d Cir. 2000) *rev'd on other grounds* by 534 U.S. 61 (2001)).

Here, plaintiff's naming of John Does in the original complaint was not a mistake as contemplated by Rule 15(c), but instead, was due to plaintiff's lack of knowledge as to the identities of the individuals he intended to sue. However, lack of knowledge regarding the identity of the individuals intended to be sued is not a "mistake" as contemplated by Rule (15(c)(1)(C)(ii). Where, as here, plaintiff waits until the statute of limitations has nearly expired to file a complaint, he cannot save an untimely amendment simply by claiming mistake. *See Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.") (internal citations omitted). Accordingly, defendants respectfully contend that all claims brought against any newly named defendants are, therefore, time-barred and do not relate back to the filing of the original complaint.

## 2. Plaintiff's Amendment Adding Claims against Newly Named Defendants does not Relate Back under Fed. R. Civ. Pro. 15(c)(1)(A)

"Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure allows an amendment to a pleading to relate back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back." *Strada v. City of New York*, 11 Civ. 5735 (MKB), 2014 U.S. Dist. LEXIS 94687, *14-15 (E.D.N.Y. July 11, 2014); *see* Fed. R. Civ. P. 15(c)(1)(A). Courts must examine the 'controlling body of limitations law,' and apply state law if it provides 'a more forgiving principle of relation back than the one provided' by Rule 15(c)."

*Id.* (citing *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (*quoting* Fed. R. Civ. P. 15, Advisory Comm. Notes 1991)).  In New York, relation back is permitted pursuant to § 203 and § 1024 of the C.P.L.R.  However, neither provision saves plaintiff's time-barred claims.

         **i.**    <u>C.P.L.R. § 1024</u>

         Under New York law, a § 1983 complaint may be said to relate back under C.P.L.R. § 1024 if it meets two requirements: (1) the plaintiff must exercise due diligence, prior to the expiration of the statute of limitations, to identify the defendant by name; and, (2) the party must describe the John Doe party in such form as will fairly apprise the parties that they are the intended defendants.  *Hogan*, 738 F.3d at 518-519 (citations omitted).

         Here, plaintiff fails to set forth any indication that he exercised due diligence prior to the expiration of the statute of limitations to identify *any* of the newly named defendants.  This reality was precipitated by the fact that plaintiff filed his original complaint two months prior to the expiration of the statute of limitations. Indeed, the Court did not issue an Order of Service in this matter until after the statute of limitations had already expired.  (*See* Docket Entry No. 6, dated March 6, 2015).  Accordingly, it stands to reason that plaintiff cannot point to any actions he took between filing the complaint and the expiration of the statute of limitations to identify the John Doe defendants he sought to sue.  A review of the civil docket further indicates that plaintiff was more concerned with requesting service addresses for the defendants who failed to waive service, than identifying any John Doe defendants. *See* Docket Entry Nos.  4, 14, 17. Accordingly, even though plaintiff's claims accrued on January 10, 2012 and February 23, 2012, "[p]laintiff appears to have expended no efforts at all to identify the [John Doe defendants] in the three years that followed, waiting until the statute of limitations had nearly run to file his complaint."  *JCG v. Ercole*, 11 Civ. 6844 (CM) (JLC) 2014 U.S. Dist. LEXIS 57417,*54 (S.D.N.Y. Apr. 24, 2014); *see Harris v. City of New York*, 13 Civ. 7788 (LGS), 2016 U.S. Dist.

LEXIS 12872, *13 (S.D.N.Y. Feb. 3, 2016) ("Where, as here, nothing in the record indicates that Plaintiff exercised due diligence before the statute of limitations expired, he may not use the 'John Doe' procedure in § 1024."); s*ee also Temple v. New York Cmty. Hosp.*, 89 A.D.3d 926, 933 (2d Dep't 2011) ("To make use of the 'John Doe' procedure delineated in CPLR 1024, parties must demonstrate that they have exercised due diligence prior to the running of the statute of limitations . . . .") (internal quotation marks omitted). *Cf. Fertig v. HRA Med. Assistance Program*, 10 Civ. 8191 (RPP), 2011 U.S. Dist. LEXIS 48789, at *4 (S.D.N.Y. May 6, 2011) ("a pro se litigant [is] bound by the same rules of law . . . as those [litigants] represented by counsel.") (quotation marks and citation omitted).

Even assuming, *arguendo*, that the Court believes plaintiff exercised due diligence, there is nothing in his description of the John Does that would "fairly apprise the parties that they are the intended defendants." *Hogan*, 738 F.3d at 518-519. Indeed, plaintiff provides no factual allegations which would allow defendants to identify any of the John Doe defendants. For instance, plaintiff's original complaint provides the following description for the defendants involved in the January 11, 2012 purported assault: "Beharri, Pedlar, Bravo, Almanzar, Spears, John Doe Officers whom worked the Visiting Area." (*See* Ex. A ¶ 13). Plaintiff later refers to "John Doe Probe Team Officer" and "John Doe Probe Team Captain" without providing any other physical description. (*See* Ex. A ¶ 14). Describing the February 23, 2012 incident, plaintiff refers to "John Doe officers" and a "John Doe Captain" but provides no other factual description of the individuals purported to have violated his constitutional rights. (See Ex. A, ¶ P.24). This information provided by plaintiff is clearly insufficient to apprise an individual correction officer that they were intended defendants to this action. *See Hogan*, 738 F.3d at 518-519

Accordingly, because plaintiff can neither demonstrate that he exercised due diligence prior to the expiration of the stations of limitations nor that his description of the John Doe defendants was sufficient to fairly apprise an individual that he was an intended defendant, defendants respectfully contend that C.P.L.R. § 1024 does not apply.

ii.  <u>C.P.L.R. § 203</u>

Under New York law, a party seeking relation back to a previously unknown defendant may utilize § 203 of the C.P.L.R., which is New York's general relation back statute. *See Strada*, 2014 U.S. Dist. LEXIS 94687, at *20.  Under § 203 of the C.P.L.R., New York courts allow claims against a new defendant to "relate back to timely filed pleadings when (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well." *JCG*, 2014 U.S. Dist. LEXIS 57417, at *15 (quoting *Fisher v. County of Nassau*, 10 Civ. 0677, 2011 U.S. Dist. LEXIS 118269, at *5 (E.D.N.Y. Oct. 13, 2011)).

However, "New York courts have held . . . that a plaintiff may not add a new defendant under … section [C.P.L.R. 203] unless 'the new party knew or should have known that, but for an *excusable mistake* by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'" *Vasconcellos v. City of New York, et al*, 12 Civ. 8445 (CM), 2014 U.S. Dist. LEXIS 143429, at *16-17 (S.D.N.Y. Oct. 2, 2014) (collecting cases); *see also Strada*, 2014 U.S. Dist. LEXIS 94687, at **29-32.  "This requirement closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." *Vasconcellos*, 2014 U.S. Dist.

LEXIS 143429, at *17; *see also Bender v. City of New York*, 14 Civ. 4386 (LTS) (GWG), 2015 U.S. Dist. LEXIS 16002, at **13-14 (S.D.N.Y. Feb. 10, 2015) ("The third prong of § 203(c) employs the same standard as the federal rule.") (quotations omitted) (*citing Sloane v. Town of Greenburgh*, 01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107, at **9-10 (S.D.N.Y. July 27, 2005); *Buran v. Coupal*, 87 N.Y.2d 173, 179, 661 N.E.2d 978, 638 N.Y.S.2d 405 (1995) (noting that § 203 was largely modeled after Rule 15(c) of the Federal Rules of Civil Procedure)). Accordingly, and for the reasons set forth more fully in Point I.B.1, *supra*, plaintiff cannot satisfy Fed. R. Civ. Pro. 15(c)(1)(C)'s "mistake" element, he also cannot satisfy the "mistake" requirement of C.P.L.R. § 203. *Cf. Vasconcellos*, 2014 U.S. Dist. LEXIS 143429, at *8 ("As [Plaintiff] does not satisfy Rule 15(c)(1)(C); she thus fails to satisfy the state's corollary to that rule, as well.").

Thus, defendants respectfully contend that plaintiff's claims against the newly named defendants do not relate back under C.P.L.R. § 203, and accordingly, any claims made against the newly named defendants in the second amended complaint must be dismissed with prejudice.

## C.  The Exact Claims that must be dismissed as a Result

Because plaintiff's second amended complaint is untimely and does not relate back to the original complaint, as discussed *supra*, the following claims in the second amended complaint must be dismissed with prejudice: (1) plaintiff's failure to intervene claim against John Doe officers, (Ex. B ¶¶ 25, 31); (2) plaintiff's excessive force claims against John Doe officers (Ex. B ¶30); (3) plaintiff's excessive force claims against defendants Villettte, Kourouklis, Diaz, Stokes, Carter, and Harris (Ex. B ¶ 30); (4) plaintiff's deliberate indifference claims against John Doe Physicians and Nurses (Ex. B ¶34);  (5) plaintiff's due process claim against Captain Steward-Bowden (Ex. B ¶37); (6) plaintiff's due process claims against John

Doe Adjudication Captains (Ex. B ¶ 37); (7) plaintiff's due process claims against Captain Gates and John Doe Adjudication Captains (Ex. B ¶47); (8) as well as any remaining claims against any newly named defendant not enumerated here.

## POINT II

**PLAINTIFF'S CLAIMS AGAINST THE BOARD OF CORRECTION DEFENDANTS FAIL AS A MATTER OF LAW.**

"[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority. Rather, the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citation & quotations omitted). Vicarious liability does not apply to § 1983 suits. *Victory*, 814 F.3d at 67; s*ee, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Post-*Iqbal*, a supervisor is liable under § 1983 only if he or she directly participated in the alleged violation or had a hand in creating a policy or custom under which the unconstitutional practices occurred. *See Bellmay v. Mount Vernon Hosp.*¸07 Civ. 1801, 2009 U.S. Dist. LEXIS 54141 at *6 (S.D.N.Y. June 26, 2009) aff'd 387 F. App'x 55 (2d Cir. 2010).

In this case, plaintiff alleges that defendants Dora Schriro, Lewis Finkelman, Florence Finkle, Michael Regan, Hildy Simmons, Kenneth Armstead, and Richard Wolf violated his constitutional rights by failing to respond to his letters seeking help. Specifically, plaintiff alleges that these defendants were placed on notice regarding plaintiff's ongoing violations relating to "due process and indifference to his serious medical needs" and did nothing. (*See* Ex. B ¶¶ 53, 54). However, these entirely conclusory allegations, taken as true, are insufficient to

state a plausible cause of action against the defendants listed above. Plaintiff does not allege when exactly he corresponded with these defendants, or exactly what he informed the defendants of, or what remedy he sought. Instead, in an entirely conclusory fashion, plaintiff claims these defendants "received actual notice" and "failed to remedy the wrong" and are thus liable; pursuant to *Iqbal* these allegations are insufficient to survive a motion to dismiss. Moreover, this case involves to specific instances of alleged excessive force and, as such, plaintiff has failed to plausibly allege an extensive and ongoing constitutional violation such that the "supervisory official who reviews the grievance can remedy [it] directly." *See Burton v. Lynch*, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009). Accordingly, plaintiff's claim against the supervisory defendants fails as a matter of law because plaintiff has failed to plausibly assert that any of these defendants were the "proximate cause of his constitutional deprivation." *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014)

## POINT III

### PLAINTIFF'S CLAIMS AGAINST THE CITY OF NEW YORK FAIL AS A MATTER OF LAW.

To state a claim for municipal liability, a plaintiff must plausibly allege that the constitutional violation was caused by one of four different types of scenarios: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30

(1985) (plurality opinion); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

If liability is based on failure to train or supervise, a plaintiff must show "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007). There are three elements to this type of *Monell* claim. *Jenkins* 478 F.3d at 94. "First, the plaintiff must show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation." *Jenkins*, 478 F.3d at 94 (*citing Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992)). "'Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.'" *Id.* "'Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.'" *Id.*

In addition to deliberate indifference, a plaintiff ultimately must identify "a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)). In other words, a plaintiff must demonstrate that the municipal employee's "'shortcomings . . . resulted from . . . a faulty training program' rather than from negligent implementation of a sound program or other, unrelated circumstances." *Id.* at 129-30 (quoting *City of Canton*, 489 U.S. at 390-91)

In this case, plaintiff alleges that the City of New York is liable because it was deliberately indifferent to an unconstitutional pattern of inadequate hiring, training, and supervision of correction officers. (*See* Ex. B, ¶ 108). To support this allegation, plaintiff points to "occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York…" (See Ex. B ¶ 112). Plaintiff argues that these lawsuits, coupled with "Mr. Alli's diligence in registering his complaints with [the Board of Corrections, wardens, and other officials]," put the City on notice that correction action was overdue to address the defects in its training. (*See* Ex. B ¶¶ 112, 113).

As an initial matter, plaintiff has clearly failed to allege any specific deficiency in the City's training program, choosing instead to merely condemn the actions of various supervisory officials. On that basis alone, plaintiff's *Monell* claim fails as a matter of law. Instead, plaintiff offers a list of civil lawsuits to support his allegations. *See Amnesty Am*, 361 F.3d at 129. Moreover, it is well established that simply citing to civil lawsuits does not state a claim for municipal liability. *See Simms v. City of New York*, 480 Fed. Appx. 627, 630 (2d Cir. 2012) (citing to another civil lawsuit does not state a claim for municipal liability because the fact of the lawsuit shows only that the allegation was made, "not that those violations actually occurred"). Furthermore, it is clear that one incident of alleged misconduct is insufficient to establish a viable *Monell* claim. *Hayes v. Perotta*, 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010); *see also City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ."). Likewise, two incidents together are insufficient to establish a custom or practice. *See Giaccio v. City of New York*, 502 F. Supp. 2d 380, 389 (S.D.N.Y. 2007) (evidence that New York City Department of Transportation leaked medical records of two employees found insufficient to support § 1983

claim against City because "the combined evidence of only two incidents would still be insufficient to show a 'custom or usage' under the *Monell* standard"). Therefore, plaintiff has failed to adduce sufficient facts which would lend credence to his allegations of an unconstitutional pattern or practice. Accordingly, plaintiff's municipal liability claim should be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, defendants respectfully requests that the Court grant its opposition to plaintiff's second amended complaint and grant its partial motion to dismiss the operative complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:      New York, New York
            November 21, 2016

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                    City of New York
                                    100 Church Street, Room 3-168
                                    New York, New York 10007
                                    (212) 356-2334

                                    By:                    /s/
                                              Daniel G. Saavedra
                                              Assistant Corporation Counsel
                                              Special Federal Litigation Division

cc:      Ryan Lozar, Esq.
            *Attorney for Plaintiff*