UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

UMAR ALLI,

                                        Plaintiff,

              -against-

CITY OF NEW YORK, ET AL.,

                                        Defendants..

------------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' OPPOSITION TO THE SECOND AMENDED COMPLAINT AND IN SUPPORT OF THEIR PARTIAL MOTION TO DIMISS THE OPERATIVE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

14 Civ. 10257 (RA) (JLC)

## POINT I

### PLAINTIFF HAS FAILED TO ESTABLISH THAT HIS CLAIMS AGAINST THE NEWLY NAMED DEFENDANTS[1] RELATE BACK TO THE ORIGINAL COMPLAINT UNDER FED. R. CIV. P 15(c)(1)(A)

        Plaintiff has failed to establish that he is eligible for relation back under Fed. R. Civ.

P. 15(c)(1)(A).  "Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure allows an amendment to

a pleading to relate back to the date of the original pleading when the law that provides the

applicable statute of limitations allows relation back."  <u>Strada v. City of New York</u>, 11 Civ. 5735

---

[1] In his opposition, plaintiff notes some confusion regarding which defendants are considered newly-named for the purposes of defendants' motion.  Plaintiff alleges that defendants did not challenge or brief the identification of newly-named defendants Daggett-Terenzi, Arnold, Martinez, Garcia, Rajan, Nazarian, Stukes, Duffy, Sullivan and Collins.  <u>See</u> Pl. Opp. at 13.  However, plaintiff then contradicts this by noting in FN 3 that defendants did include reference to these specific defendants in their original moving papers.  Therefore, for clarification purposes, defendants note that the following defendants' identification are being challenged as "newly-named defendants," as they were all added after the statute of limitations expired: Carter, Gates, Kourouklis, Sanchez, Spiris, Lopez, Diaz, Stokes, Villette, Harris, Estrella, Williams, Rajan, Nazarian, Daggett-Terenzi, Arnold, Martinez, Garcia, Steward-Bowden, Stukes, Duffy, Sullivan, and Collins.  Defendants apologize to the Court for any confusion, or if their original moving papers were not clear on this issue.

(MKB), 2014 U.S. Dist. LEXIS 94687, *14-15 (E.D.N.Y. July 11, 2014); see Fed. R. Civ. P. 15(c)(1)(A).  In New York, relation back is permitted pursuant to § 1024 and § 203 of the C.P.L.R., and plaintiff attempts to seek relief under both.  See generally Plaintiff's Opposition (hereinafter "Pl. Opp.").[2]  However, as detailed in defendants' original moving papers, neither provision saves plaintiff's time-barred claims, and plaintiff has not provided any additional information in his opposition to argue otherwise.

**A.  C.P.L.R. § 1024**

Under New York law, a § 1983 complaint may be said to relate back under C.P.L.R. § 1024 if it meets two requirements: (1) the plaintiff must exercise due diligence, prior to the expiration of the statute of limitations, to identify the defendant by name; and, (2) the party must describe the John Doe party in such form as will fairly apprise the parties that they are the intended defendants.  Hogan v. Fischer, 738 F.3d 509, 518-519 (2d Cir. 2013) (citations omitted) (emphasis added).

Plaintiff has failed to show that he exercised due diligence to identify the John Doe defendants prior to the expiration of the statute of limitations.  The alleged incidents occurred on January 10, 2012 and February 23, 2012.  Therefore, the statute of limitations expired on January 10, 2015 and February 23, 2015, respectively.  In order for plaintiff to qualify for relation back under C.P.L.R. § 1024, he had to demonstrate that he exercised due diligence to identify the John Doe defendants prior to February 23, 2015.  Plaintiff has failed to do so.  Plaintiff admits in his opposition that Mr. Alli only wrote to the Court twice within the statute of limitations period (see Docket Nos. 2, 4), but plaintiff fails to mention that neither of those letters related to the

---

[2] Defendants note that plaintiff failed to include accurate page numbers in his opposition, as every other page of plaintiff's opposition is marked as page "2" in the bottom center of the page, with the following page devoid of any number.  Therefore, for the sake of clarity and for the ease of the Court, defendants will refer to the ECF page number in the top right corner of each page when citing to plaintiff's opposition.

identification of the John Doe defendants or any attempt to seek information regarding same.  The record is devoid of <u>any</u> attempt by plaintiff to learn the identity of the John Doe defendants prior to February 23, 2015.

In his opposition, plaintiff cites to <u>Kennedy v. City of New York</u>, which found due diligence to have been exercised when the plaintiff requested, through the Court, "identification-related discovery" to attempt to identify the John Doe defendants; those communications took place largely within the statutory period.  <u>Kennedy v. City of New York</u>, 12-CV-4166 (KPF), 2015 U.S. Dist. LEXIS 144386, at *5 (S.D.N.Y. Oct. 23, 2015); Pl. Opp. at 15.  However, unlike in <u>Kennedy</u>, in the instant case, plaintiff's communications regarding the John Doe defendants took placed <u>entirely</u> after the expiration of the statute of limitations.  Further, the two letters plaintiff did file within the statutory period involved: (1) a request for the *Pro Se* Manual, and (2) guidance from the Court on how to conduct service as an IFP plaintiff; clearly, neither of these communications included any attempts by plaintiff to identify the purported John Doe defendants.  <u>See</u> Docket Nos. 2, 4.  Likewise, plaintiff's reliance on <u>Hogan v. Fischer</u> is also misplaced, as again, the plaintiff in <u>Hogan</u> actually made requests to the Court and defendants for discovery specific to identify the John Doe defendants.  <u>See generally</u> <u>Hogan</u>, 738 F.3d 509.

Additionally, plaintiff cites to purported "grievances, appeals, Article 78 [proceedings], Legal Aid Society outreach, participation in investigations, letters to the [Board of Correction] defendants, letters to the Court, etc." as proof of plaintiff's diligence within the statutory period.  <u>See</u> Pl. Opp. at 15-16.  As noted in plaintiff's opposition, plaintiff "bears the burden of establishing that the case at hand falls within an exception to the limitations period."  <u>See</u> Pl. Opp. at 12, <u>citing</u> <u>Dooley v. Columbia Presbyterian Med. Ctr.</u>, 06-CV-5644, 2009 U.S. Dist. LEXIS 3202, at *3 (S.D.N.Y. Jan. 16, 2009).  However, in the instant case, plaintiff has provided no proof that any of the above-listed actions actually took place or any details regarding same.

Plaintiff merely makes conclusory statements and has not provided defendants or the Court with a copy of any of the purported communication to the Board of Correction defendants, grievances that were filed, responses to those grievances or appeals that may have been filed to substantiate same. Additionally, plaintiff provides no case law to support his contention that these actions, had they actually been taken and proven, would count as due diligence for the purposes of C.P.L.R. § 1024.

The statute on its face is clear that plaintiff must have exercised due diligence within the statutory period in order to qualify for relation back under C.P.L.R. § 1024. Here, when the record shows only two letters from the plaintiff prior to February 23, 2015, and neither letter addresses the John Doe defendants, plaintiff has clearly not met his burden of showing he exercised due diligence during the statute of limitations, and as such, is not entitled to relation back.

## B.  C.P.L.R. § 203

Under New York law, a party seeking relation back to a previously unknown defendant may also attempt to utilize C.P.L.R. § 203. Strada, 2014 U.S. Dist. LEXIS 94687 at *20. Under § 203 of the C.P.L.R., New York courts allow claims against a new defendant to "relate back to timely filed pleadings when (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well." JCG v. Ercole, 11-CV-6844 (CM) (JLC), 2014 U.S. Dist. LEXIS 57417,*15 (S.D.N.Y. Apr. 24, 2014) (quoting Fisher v. County of Nassau, 10-CV-0677 (JS) (ETB), 2011 U.S. Dist. LEXIS 118269, at *5 (E.D.N.Y. Oct. 13, 2011)).

Although plaintiff spends much of his opposition proposing that the newly-named defendants were united in interest with the City of New York, these arguments are unavailing.

Relation back under C.P.L.R. § 203 turns on whether the unnamed defendants had notice of the action within the statutory period, which is an argument plaintiff failed to address in his opposition. See Fisher, 2011 U.S. Dist. LEXIS 118269 at *11-12 (noting that the § 203 test was "patterned largely after the Federal relation back rule, and with respect to the third prong, it uses the same standard as Federal Rule 15.")

    Plaintiff filed the instant case on December 22, 2014, two months before the statute of limitations expired for the February 23, 2012 incident and only 19 days before the expiration of the statute for the January 2012 incident.  For the first time, on March 6, 2015, which was after the expiration of both statutory periods, the Court ordered that the Office of Corporation Counsel – attorney for defendant City of New York and potential attorney for the individually named defendants – be notified of the instant lawsuit.  Therefore, it is undisputed that none of the defendants had actual notice of the lawsuit prior to the expiration of the statute of limitations.

    Plaintiff is also unable to show that any of the unnamed defendants had constructive notice of the lawsuit during the statutory period.  Constructive notice only applies where an attorney had clear knowledge of the new party's identity.  See Velez v. Fogarty, 06-CV-13186 (LAK) (HBP), 2008 U.S. Dist. LEXIS 96999, at *5-6 (S.D.N.Y. Nov. 20, 2008) ("[I]n the majority of cases in this Circuit applying the constructive notice doctrine, the attorneys have clear knowledge of the identity of the unidentified defendant, within the limitations period, such that it would be logical to assume that a reasonable attorney would either (1) inform his client of the prospective lawsuit or (2) takes steps to begin preparing a defense.") (emphasis added); see also Rodriguez v. City of New York, 10-CV-1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *7 (S.D.N.Y. Sept. 7, 2011) (requiring clear knowledge of new party's identity); Fisher, 2011 U.S. Dist. LEXIS 118269 at *11-12.  Here, the Office of Corporation Counsel was not made aware of the existence of this lawsuit until after the statutory period expired.  Therefore, the case law clearly bars plaintiff from asserting

that the purported John Doe defendants had constructive notice of this lawsuit during the statutory

period, which is a requirement of C.P.L.R. § 203.

POINT II

**PLAINTIFF'S CLAIMS AGAINST THE BOARD
OF CORRECTION DEFENDANTS FAIL AS A
MATTER OF LAW**

Plaintiff has not pled a viable claim against the Board of Correction ("BOC")

defendants in his first amended complaint, and any amendment would be futile[3] because plaintiff is

unable to show any personal involvement by these defendants or that they were on notice of this

lawsuit during the applicable statute of limitations.  "[A] defendant in a § 1983 action may not be

held liable for damages for constitutional violations merely because he held a high position of

authority. Rather, the personal involvement of defendants in alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983." Victory v. Pataki, 814 F.3d 47, 67 (2d Cir.

2016) (citation & quotations omitted).

In his first amended complaint, plaintiff claims that defendants Dora Schriro, Lewis

Finkelman, Florence Finkle, Michael Regan, Hildy Simmons, Kenneth Armstead, and Richard Wolf

(hereinafter "BOC defendants") violated his constitutional rights by failing to respond to a letter

plaintiff purports to have sent them.  Plaintiff alleges that the BOC defendants were aware of

plaintiff's "serious medical needs" and still failed to reply to his letter.  However, these entirely

conclusory allegations are insufficient to state a plausible cause of action against the BOC

defendants.  First, as noted above, it is insufficient to bring a claim against the BOC defendants

---

[3] While plaintiff has not formally requested leave to file a third amended complaint, plaintiff notes in his opposition that should the Court dismiss any of plaintiff's claims based on defendants' motion, plaintiff will simply "modify that pleading and refile the document as a Third Amended Complaint on the Court's direction."  It is defendants' position, however, that based on the substantive deficiencies explained here and in defendants' original motion papers, granting plaintiff such leave to amend, or allowing plaintiff to file his proposed second amended complaint, would be futile.

merely because of the position they held.  <u>Victory</u>, 814 F.3d at 67.  Further, with respect to plaintiff's allegations regarding the purported letter he sent, plaintiff fails to specify any factual details including the dates of these purported letters, the number of letters sent, to whom they were sent, the content of those letters, what remedy he sought, or any further specific factual allegations to establish a viable claim against the BOC defendants.  Instead, in an entirely conclusory fashion, plaintiff alleges he "wrote" these defendants.  <u>See</u> First Amended Complaint, Docket No. 58 at 24.  No further detail is provided anywhere in the complaint.  <u>See generally</u> First Amended Complaint.

Additionally, plaintiff's opposition relies wholly on conclusory statements in an attempt to rebut defendants' contention that plaintiff's allegations against the BOC defendants were wholly conclusory.  For example, without providing any details, plaintiff's opposition alleges that defendants "filed a false infraction against him to cover up the assault; conducted a biased and process-less investigation into the infractions […] and gave him an ultimately unfair and undeserved sentence."  <u>See</u> Pl. Opp. at 23.  However, the determination of whether the infraction was false, whether the investigation was biased, whether plaintiff was provided his due process rights and whether the sentence he received was undeserved are all broad conclusions without any factual support.  It is plaintiff's burden to provide sufficient facts in his complaint to support these conclusions, and plaintiff has failed to do so, instead relying on inflammatory and broad conclusions of fact and law.  Moreover, plaintiff has not, and cannot, put forward any facts to show that the BOC defendants were personally involved in the incidents alleged in his pleadings, and therefore the Court should dismiss these claims.[4]

---

[4] Defendants also note that in an attempt to establish an ongoing and extensive constitutional violation, which would be required to maintain a claim against the BOC defendants, plaintiff asks the Court to review the allegations contained in each separate pleading that plaintiff filed in this case.  <u>See</u> Pl. Opp. at 23-24, 25.  Plaintiff incorrectly states that "in light of all [the allegations]" in these pleadings, "it is only natural to incorporate by reference all of [plaintiff's] related, extensive allegations made in the pleading[s]."  <u>Id.</u> at 23-24.  Plaintiff, however, is incorrect – by filing an amended complaint, plaintiff has lost the right to refer to previous pleadings to support his claims.

## POINT III

## PLAINTIFF'S CLAIMS AGAINST THE CITY OF NEW YORK FAIL AS A MATTER OF LAW

Finally, plaintiff has failed to plead a viable claim against the City of New York.

First, plaintiff has failed to identify which theory of municipal liability he is pursuing and instead broadly refers to "official" policies, unofficial customs, inadequate training and failure to supervise seemingly interchangeably.  Plaintiff may not rely on conclusory allegations of municipal policy without providing actual facts from which the Court may infer an actual causal link between the alleged policy and the alleged constitutional violation.  See Cuevas v. City of New York, 07-CV-4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009) (holding that "[b]aldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right" and are considered "bare legal conclusions."); Santiago v. City of New York, 09-CV-0856 (BMC), 2009 U.S. Dist. LEXIS 75372, at *7 (E.D.N.Y. Aug. 25, 2009) ("the boilerplate Monell claim" asserted in many § 1983 cases clearly "do not rise to the level of plausibility.").  In his first amended complaint, plaintiff sets forth vague allegations of conspiracies, cover-ups, and "wide spread practices" of prison officials.  See generally First Amended Complaint.  Notably, however, plaintiff fails to set forth the purported specific deficiency in the City's training program policies.  On that basis alone, plaintiff's claim for municipal liability fails as a matter of law.

In a further attempt to establish municipal liability, plaintiff, in both the first amended complaint and the proposed second amended complaint, cites to numerous other civil

---

See Valle v. YMCA of Greater N.Y., 05-CV-5318 (RPP), 2006 U.S. Dist. LEXIS 63262, at *4 (S.D.N.Y. Sep. 6, 2006) (an amended complaint "supersedes all previous amended complaints in this action, giving them no legal effect.").  As counsel is aware, an amended complaint completely replaces, rather than supplements, prior complaints.  See, e.g. McMillan v. Perez, 14-CV-3854 (KMK), 2016 U.S. Dist. LEXIS 125812, at *18 (S.D.N.Y. Sep. 14, 2016) ("an amended complaint replaces the […] Complaint currently pending before the Court in its entirety….")

rights actions filed against the City of New York.  It is well established, however, that simply citing to civil lawsuits does not state a claim for municipal liability.  See Simms v. City of New York, 480 Fed. Appx. 627, 630 (2d Cir. 2012) (citing to "an unrelated action, in which another district court addressed the sufficiency […] of a separate complaint premised on a different set of factual allegations, does not support an inference that [plaintiff's] injuries were caused by the City's failure to train its employees.").  In his opposition, plaintiff also attempts to establish a claim for municipal liability by stating that this claim should go forward because a "reasonable jury" could plausibly find liability under an unspecified theory, and requests that the Court "permit him to develop the evidentiary record so that he can ask a jury their view" of the City's policies.  See Pl. Opp. at 24-25. To the contrary, plaintiff is not entitled to discovery in order to determine facts to state a viable claim, as "discovery is not intended to be a fishing expedition."  See Bussey v. Phillips, 419 F. Supp. 2d 569, 592 (S.D.N.Y. Mar. 10, 2006) (finding that a plaintiff is only entitled to proceed with discovery on claims which are viably stated in the complaint.); see also Lituma v. United States, 04-CV-8955 (NRB), 2005 U.S. Dist. LEXIS 14668, at *2 (S.D.N.Y. July 18, 2005).  Accordingly, plaintiff's first amended complaint and proposed second amended complaint fail to sufficiently plead facts to state a viable claim for municipal liability.

POINT IV

### PLAINTIFF DOES NOT DISPUTE THE REMAINING ARGUMENTS SET FORTH IN DEFENDANTS' MOTION

Finally, in his opposition papers, plaintiff fails to respond entirely to defendants' arguments that:  (1) plaintiff's claims against the newly named defendants are barred by the applicable statute of limitations, since plaintiff's first amended complaint and second proposed amended complaint were both filed after the expiration of the three year statute of limitations (see Memorandum of Law in Support of Defendants' Motion, Docket No. 94 at 5-8, Point I.A); and (2)

plaintiff's claims against the newly named defendants do not relate back to the original complaint under Fed. R. Civ. P. 15(c)(1)(C), as defendants were not under constructive notice within the requisite time period and plaintiff's failure to identify the John Doe defendants cannot be considered a mistake as contemplated by Fed. R. Civ. P. 15(c)(1)(C) (see id. at 9-12, Point I.B.1).

Accordingly, because plaintiff has not submitted any authority in opposition to these legal arguments detailed in defendants' motion on the aforementioned points or opposed these points in any way, defendants consider these points to be fully briefed as unopposed, and respectfully submit that the Court grant defendants' motion on these points.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss plaintiff's second amended complaint and grant their partial motion to dismiss the operative complaint, the first amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:      New York, New York
            January 19, 2017

                          ZACHARY W. CARTER
                          Corporation Counsel of the
                          City of New York
                          100 Church Street, Room 3-308A
                          New York, New York 10007
                          (212) 356-5056


                    By:   _____
                          Erin Teresa Ryan
                          Assistant Corporation Counsel
                          Special Federal Litigation Division

cc:    Ryan Lozar, Esq. (By ECF)
       *Attorney for Plaintiff*
       305 Broadway, 9th Floor
       New York, New York 10007

Index No. 14-CV-10257 (RA) (JLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI,

Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' OPPOSITION TO THE SECOND AMENDED COMPLAINT AND IN SUPPORT OF THEIR PARTIAL MOTION TO DIMISS THE OPERATIVE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street, Room 3-308A*
*New York, N.Y.  10007*

*Of Counsel: Erin Ryan*
*Tel:  (212) 356-5056*

*Due and timely service is hereby admitted.*

*New York, N.Y............................................. ,2017*

*.................................................................. Esq.*

*Attorney for ........................................................*