

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ERIN RYAN**
*Assistant Corporation Counsel*
Phone: (212) 356-5056
Fax: (212) 356-3509
eryan@law.nyc.gov

March 9, 2017

**BY E.C.F.**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Umar Alli v. Security Officer Pedlar, et al.,
                14-CV-10257 (RA) (JLC)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter. In that capacity, I write pursuant to the Court's February 23, 2017 Order, directing defendants to provide the Court with research regarding the timing of plaintiff's due diligence requirement as it relates to plaintiff's assertion that his proposed supplemental evidentiary submission will support plaintiff's entitlement to use the relation back doctrine to keep the newly named defendants as parties in this action, despite the fact that they were named outside of the statute of limitations.

       By way of background, plaintiff alleges he was subjected to excessive force in January 2012 and February 2012 while incarcerated at Rikers Island. On November 20, 2016, defendants moved to dismiss portions of the First Amended Complaint and in opposition to plaintiff's Proposed Second Amended Complaint. See Docket No. 93. This motion has been fully briefed since January 19, 2017 as plaintiff filed his opposition on December 21, 2016 (see Docket No. 98) and defendants filed their reply on January 19, 2017. See Docket No. 101. On February 14, 2017, however, plaintiff's counsel, Ryan Lozar, requested leave to file a "supplemental evidentiary submission" with respect to plaintiff's opposition to defendants' motion (hereinafter referred to as "Plaintiff's Motion"). See Docket No. 105. On February 23, 2017, the Court held a conference to discuss this issue with the parties. See Docket No. 107. During that conference, the Court requested that the undersigned provide research regarding when the required due diligence must occur in order for plaintiff to qualify for relation back.

1

1. Legal Background

As discussed more fully in defendants' November 20, 2016 original motion papers, it is undisputed that as plaintiff filed his amended complaint on September 25, 2015, and proposed a second amended complaint on September 28, 2016, those filings were well outside of the statute of limitations, which expired on January 10, 2015 for the incident alleged to have occurred on January 10, 2012, and February 23, 2015 for the incident alleged to have occurred on February 23, 2012.  Therefore, plaintiff may only add additional parties if he qualifies for the relation back doctrine, governed by Fed. R. Civ. P. 15(c)(1)(C) and 15(c)(1)(A).  As defendants noted in their original moving papers, plaintiff does not qualify for relation back under Fed. R. Civ. P 15(c)(1)(C), as defendants were not under constructive notice within the requisite time period and plaintiff's failure to identify the John Doe defendants cannot be considered a mistake as contemplated by Fed. R. Civ. P. 15(c)(1)(C).  In his opposition, plaintiff failed to contest or even address this argument.  Nor may plaintiff qualify for relation back under Fed. R. Civ. P 15(c)(1)(A) and C.P.L.R. § 203, as the test in § 203 was "patterned largely after the Federal relation back rule, and with respect to the third prong, it uses the same standard as Federal Rule 15."  Fisher v. County of Nassau, 10-CV-0677 (JS) (ETB), 2011 U.S. Dist. LEXIS 118269, at *11-12 (E.D.N.Y. Oct. 13, 2011).

Therefore, plaintiff may only qualify for relation back under Fed. R. Civ. P. 15(c)(1)(A), which refers to the relation back rules of New York State law, specifically C.P.L.R. § 1024.

2. C.P.L.R. § 1024

Under C.P.L.R. § 1024, a § 1983 complaint only relates back under if it meets two requirements: (1) the plaintiff must exercise due diligence, prior to the expiration of the statute of limitations, to identify the defendant by name; and, (2) the plaintiff must describe the John Doe party in such form as will fairly apprise the parties that they are the intended defendants.  Hogan v. Fischer, 738 F.3d 509, 518-519 (2d Cir. 2013) (citations omitted).  The instant issue in this case is whether plaintiff's supplemental evidentiary submission purports to prove that plaintiff exercised due diligence to identify the intended defendants within the relevant statutory period.

As a threshold matter, even if plaintiff is able to successfully meet the two requirements set forth by C.P.L.R. § 1024, it only results in the statute of limitations being tolled "for up to 120 days during which [time] the plaintiff must identify the unknown defendants and serve process upon them."  Strada v. City of N.Y., 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, at *16-17 (E.D.N.Y. July 11, 2014); see also Williams v. United States, 07-CV-3018 (RJS) (THK), 2010 U.S. Dist. LEXIS 25102 at *12 (S.D.N.Y. Feb. 25, 2010) ("a John Doe complaint must be served within 120 days of filing, unless the court has extended that period prior to its expiration."); JCG v. Ercole, 11-CV-6844 (CM) (JLC), 2014 U.S. Dist. LEXIS 57417 at *13 (S.D.N.Y. Apr. 24, 2014) ("If a plaintiff fulfills these conditions, he 'must then ascertain the identity of unknown [John] Doe parties, and . . . serve process upon them, within 120 days from filing [the original complaint].'" (alterations in original) (internal citations omitted)); Wilson v. City of New York, 03-CV-2495 (RLC), 2006 U.S. Dist. LEXIS 62600 at *3 n.11 (S.D.N.Y. Aug. 31, 2006) (noting that the CPLR "rule provides only for a 120-day extension" of

the statute of limitations); Drake v. Lab. Corp. of Am. Holdings, 02-CV-1924 (FB) (RML), 2009 U.S. Dist. LEXIS 79355 at *6 (E.D.N.Y. Sept. 3, 2009) (noting that § 1024 "would indeed have stopped the three-year clock, but only if Drake were able to identify Northwest and Kuntz, and effect service on them within 120 days"), reconsideration denied, 02-CV-1924 (FB) (RML), 2010 U.S. Dist. LEXIS 19744 (E.D.N.Y. Mar. 4, 2010), aff'd, 417 F. App'x 84 (2d Cir. 2011); Bumpus v. New York City Transit Auth., 66 A.D.3d 26, 883 N.Y.S.2d 99, 105 (App. Div. 2009) (noting that plaintiffs commencing suit by filing, pursuant to § 1024, are in the "unenviable position" of having to identify John Doe defendants and serve process upon them within 120 days of filing).

Therefore, in this case, plaintiff only had until April 21, 2015 – 120 days after the filing of the original complaint – to identify and serve the John Doe defendants in this case. Plaintiff, however, did not file his amended complaint until September 23, 2015, adding 22 newly named defendants to the instant case, none of whom, upon information and belief, have been served in this case to date. See Docket No. 58. Therefore, even if plaintiff's supplemental evidentiary submission is sufficient to show due diligence and notice – which defendants contend it does not, as discussed below – plaintiff still may not add these new parties, as C.P.L.R. § 1024 only allows a tolling of up to 120 days.

    a. Due Diligence

First, it is defendants' contention that none of the documents provided by plaintiff in his supplemental evidentiary submission actually establish that plaintiff exercised due diligence. In his proposed supplemental evidentiary submission, plaintiff included a number of documents from the Department of Correction's ("DOC") Use of Force investigation #63/2012. See Plaintiff's Motion. Plaintiff cites this as evidence of his due diligence, claiming that the internal filing of complaints with DOC, "triggering" investigations into the incident, "caused the questioning of Newly Named Defendants." See Plaintiff's Motion at 3. This, however, does not satisfy the due diligence requirement as, upon information and belief, DOC opens an investigation into any and all allegations of or reported uses of force. Moreover, the "questioning" plaintiff refers to merely consisted of DOC asking any officers who purportedly used or witnessed force to fill out a report stating their actions or what they observed. For plaintiff to claim that his complaints triggered the investigation, and therefore satisfied the huge burden of due diligence, is misleading. Plaintiff cannot claim DOC's automatic efforts to investigate an incident as meeting the high burden of due diligence under the C.P.L.R. § 1024. In essence, if this required action by DOC were considered enough satisfied the high burden of due diligence by plaintiff, any time a Use of Force investigation was opened in the DOC context, and there were John Doe officers in a future lawsuit relating to same, plaintiffs would instantly satisfy this stringent requirement. Further, these documents from DOC's automatic Use of Force investiation are the only ones plaintiff submits as evidence of his purported due diligence.

With respect to the timing of plaintiff's purported due diligence, plaintiff only points to purported due diligence that took place in 2012 at the time of the incident, rather than any actions that purportedly took place after the filing of the lawsuit. While the undersigned was unable to find a case that explicitly states the position defendants expressed at the February 23, 2017 conference – that the due diligence must take place after the filing of the lawsuit – the

overwhelming case law supports this inference.  For example, in Bumpus v. New York City Transit Auth., when discussing what steps would count towards due diligence, the Court advises that to exercise same, a plaintiff should "serve discovery demands upon any known parties [or] seek disclosures pursuant to a Freedom of Information Law ("FOIL") request."  Bumpus, 66 A.D.3d at 33-34.  In Williams v. United States, the Court considered discovery requests, searches of public records and FOIL requests to be evidence of due diligence.  See Williams, 2010 U.S. Dist. LEXIS 25102 at *35-36; Laureano v. Goord, 06-CV-7845 (SHS) (RLE), 2007 U.S. Dist. LEXIS 74754 at *6; Wilson, 2006 U.S. Dist. LEXIS 62600 at *3; JCG v. Ercole, 2014 U.S. Dist. LEXIS 57417, at *54 (S.D.N.Y. Apr. 24, 2014); see also Mabry v. New York City Dept. of Corrections, 05 Civ. 8133 (JSR) (JCF), 2008 U.S. Dist. LEXIS 17283 at *6 (S.D.N.Y. March 7, 2008) (allowing relation-back where plaintiff's first complaint was well within statute of limitations and she "aggressively sought the identities of the defendants").

The overwhelming case law requires that to show due diligence, a plaintiff has to show more than making some complaints to DOC or outside agencies – a plaintiff has to aggressively follow up and explore any and all avenues available to him.  Indeed, efforts exceeding those made by plaintiff have repeatedly been found insufficiently diligent.  See e.g., Temple v New York Community Hosp. of Brooklyn, 89 A.D.3d 926, 927-928 (N.Y. App. Div. 2d Dep't 2011) (finding no due diligence for purposes of CPLR 1024 where plaintiff served "some limited discover demands . . .  prior to the expiration of the statute of limitations, when the responses received were less than adequate, the plaintiff failed to promptly seek further discovery . . . and failed to properly and promptly seek assistance from the Supreme Court.") (citations omitted); Holmes v City of New York, 132 A.D.3d 952, 954 (N.Y. App. Div. 2nd Dep't 2015) (finding no due diligence for purposes of CPLR 1024 where "there is no indication that the plaintiff's engaged in any pre-action disclosure or made any Freedom of Information Law requests.  Moreover, there is no indication that the plaintiffs sought assistance from either the Criminal Court or the Supreme Court to learn the identities of the individual officers before the statute of limitations had run.") (citations omitted); Misa v. Hossain, 42 A.D.3d 484, 486 (N.Y. App. Div. 2nd Dep't 2007) ("the plaintiff failed to meet his burden of showing diligent efforts to determine the identity of [the unidentified party], as is required to avail  himself of the provisions of CPLR 1024. The plaintiff failed to promptly seek further discovery, or to at least apply to the Supreme Court for assistance after receiving a patently inadequate response to his barely minimally sufficient discovery requests, which response was received only a short time prior to the expiration of the applicable statute of limitations.") (citations omitted).

Here, plaintiff does not allege that he made a single FOIL request, nor did he ever request copies of DOC's investigations, make any discovery demands on defendants, follow up to any of the same, or seek judicial assistance in identifying the John Doe defendants within the relevant statutory period.  Therefore, defendants respectfully contend that plaintiff did not exercise due diligence during the statutory period, and plaintiff's proposed supplemental evidentiary submission does not prove otherwise.

b. <u>Notice</u>

As the February 23, 2017 conference primarily discussed due diligence, and the Court only requested research on same, the undersigned respectfully refers the Court to defendants' November 20, 2016 moving papers and defendants' January 19, 2017 reply, arguing that plaintiff has failed to prove that any of the defendants had actual or constructive notice of plaintiff's <u>lawsuit</u> within the relevant statutory period.

Should the Court require more detailed briefing on the notice prong of C.P.L.R. § 1024 beyond what is contained in defendants' previous motions papers, defendants are prepared to file a letter containing same at the convenience of the Court.

3. <u>Conclusion</u>

For the reasons discussed above, defendants contend that plaintiff's proposed supplemental evidentiary submission does not support plaintiff's claims that he exercised due diligence during the statutory period or that defendants were on notice of the lawsuit within the limitations period, and it is therefore improper. Defendants respectfully request that the Court deny plaintiff's request to file same. In the alternative, should the Court be inclined to grant plaintiff's request, defendants respectfully request an opportunity to submit a supplemental Reply to same.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Erin Teresa Ryan
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Ryan M. Lozar (By ECF)
*Attorney for plaintiff*
305 Broadway, 9th Floor
New York, New York 10007